**Exhibits B-I**

**Exhibit B**

R E C E I V E D

AUG 15 2016

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Civil Action No.
15-cv-6468 (FLW) (LHG)

| | |
|---|---|
| **NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION,** *et al.*, | |
| Plaintiffs, | |
| v. | |
| **AMERADA HESS CORP.,** *et al.*, | |
| Defendants. | |

**STIPULATED ORDER OF
DISMISSAL**

Plaintiffs the New Jersey Department of Environmental Protection, the Commissioner of the New Jersey Department of Environmental Protection, and the Administrator of the New Jersey Spill Compensation Fund (collectively "Plaintiffs") and Defendants in the above-captioned action hereby stipulate to the Dismissal with Prejudice of all of Plaintiffs' claims against Defendants with respect to the following sites:

| Site ID | Site Name |
|---|---|
| No. 10792 | Maple Shade CITGO |
| No. 4215 | Tinton Falls Boro DPW Facility |
| No. 4318 | Leonardo State Marina |
| No. 4729 | Colts Neck DPW Garage |
| No. 8076 | NJDOT W. Orange Maintenance Yard |
| No. 13363 | Camp Pedricktown W WTP |
| No. 15814 | RC Cape May Holdings Corp. |
| No. 42523 | Scarborough Office Tank |
| No. 59237 | Tamcrest Country Club |
| No. NJ0609001 | NJ State Prison Bayside |

NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that all claims asserted by Plaintiffs against Defendants in the above-captioned action as to the above-listed 10 sites are Dismissed with Prejudice; and

IT IS FURTHER ORDERED AND ADJUDGED that the parties shall bear and pay their own costs, expenses and attorney's fees heretofore incurred or to be incurred in connection with this dismissal.

STIPULATED BY:

| | |
|---|---|
| Christopher S. Porrino, Acting Attorney General<br><br>By: _____<br>Gwen Farley, Esq.<br>Deputy Attorney General<br>R.J. Hughes Justice Complex<br>25 Market St., PO Box 093<br>7th Floor, West Wing<br>Trenton, NJ 08625-0093<br>(609) 984-4863<br><br>*Attorney for Plaintiffs*<br><br>Date: 7/15/16 | By: _____<br>Leonard Z. Kaufmann, Esq.<br>COHN LIFLAND PEARLMAN HERMANN &<br>KNOPF LLP<br>Park 80 West-Plaza One<br>250 Pehle Avenue, Suite 401<br>Saddle Brook, NJ 07663<br>(201) 845-9600<br><br>*Special Counsel to the Attorney General*<br><br>Date: _____ |
| By: _____<br>Marc A. Rollo, Esq.<br>ARCHER & GREINER P.C.<br>One Centennial Square<br>33 East Euclid Avenue<br>Haddonfield, NJ 08033<br>(856) 354-3061<br><br>*For Exxon Mobil Corporation, ExxonMobil<br>Oil Corporation, and Mobil Corporation*<br><br>Date: _____ | By: _____<br>Michael G. Murphy<br>BEVERIDGE & DIAMOND, PC<br>477 Madison Avenue, 15th Floor<br>New York, NY 10022<br>(212) 702-5400<br><br>*For Sunoco, Inc. and Sunoco, Inc. (R&M)*<br><br>Date: _____ |

2

NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that all claims asserted by Plaintiffs against Defendants in the above-captioned action as to the above-listed 10 sites are Dismissed with Prejudice; and

IT IS FURTHER ORDERED AND ADJUDGED that the parties shall bear and pay their own costs, expenses and attorney's fees heretofore incurred or to be incurred in connection with this dismissal.

STIPULATED BY:

| | |
|---|---|
| Christopher S. Porrino, Acting Attorney General<br><br>By:_____<br>   Gwen P. Farley, Esq.<br>   Deputy Attorney General<br>   R.J. Hughes Justice Complex<br>   25 Market St., PO Box 093<br>   7th Floor, West Wing<br>   Trenton, NJ 08625-0093<br>   Phone-(609) 984-4863<br>   Fax-(609) 984-9315<br><br>   *Attorney for Plaintiffs*<br><br>Date:_____ | By:_____<br>   Leonard Z. Kaufmann, Esq.<br>   COHN LIFLAND PEARLMAN HERMANN &<br>   KNOPF LLP<br>   Park 80 West-Plaza One<br>   250 Pehle Avenue, Suite 401<br>   Saddle Brook, NJ 07663<br>   (201) 845-9600<br><br>   *Special Counsel to the Attorney General*<br><br>Date: J. 1 / 8, 2016 |
| By: _____<br>   Marc A. Rollo, Esq.<br>   ARCHER & GREINER P.C.<br>   One Centennial Square<br>   33 East Euclid Avenue<br>   Haddonfield, NJ 08033<br>   (856) 354-3061<br><br>   *For Exxon Mobil Corporation, ExxonMobil*<br>   *Oil Corporation, and Mobil Corporation*<br><br>Date: _____ | By: _____<br>   Michael G. Murphy<br>   BEVERIDGE & DIAMOND, PC<br>   477 Madison Avenue, 15th Floor<br>   New York, NY 10022<br>   (212) 702-5400<br><br>   *For Sunoco, Inc. and Sunoco, Inc. (R&M)*<br><br>Date: _____ |

NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that all claims asserted by Plaintiffs against Defendants in the above-captioned action as to the above-listed 10 sites are Dismissed with Prejudice; and

IT IS FURTHER ORDERED AND ADJUDGED that the parties shall bear and pay their own costs, expenses and attorney's fees heretofore incurred or to be incurred in connection with this dismissal.

STIPULATED BY:

| | |
|---|---|
| Christopher S. Porrino, Acting Attorney General | |
| By:_____<br>Gwen P. Farley, Esq.<br>Deputy Attorney General<br>R.J. Hughes Justice Complex<br>25 Market St., PO Box 093<br>7th Floor, West Wing<br>Trenton, NJ 08625-0093<br>Phone-(609) 984-4863<br>Fax-(609) 984-9315<br><br>*Attorney for Plaintiffs*<br><br>Date: _____ | By:_____<br>Leonard Z. Kaufmann, Esq.<br>COHN LIFLAND PEARLMAN HERMANN &<br>KNOPF LLP<br>Park 80 West-Plaza One<br>250 Pehle Avenue, Suite 401<br>Saddle Brook, NJ 07663<br>(201) 845-9600<br><br>*Special Counsel to the Attorney General*<br><br>Date: _____ |
| By: _/s/ Marc A. Rollo/_<br>Marc A. Rollo, Esq.<br>ARCHER & GREINER P.C.<br>One Centennial Square<br>33 East Euclid Avenue<br>Haddonfield, NJ 08033<br>(856) 354-3061<br><br>*For Exxon Mobil Corporation, ExxonMobil<br>Oil Corporation, and Mobil Corporation*<br><br>Date: 7/19/16 | By: _____<br>Michael G. Murphy<br>BEVERIDGE & DIAMOND, PC<br>477 Madison Avenue, 15th Floor<br>New York, NY 10022<br>(212) 702-5400<br><br>*For Sunoco, Inc. and Sunoco, Inc. (R&M)*<br><br>Date: _____ |

2

NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that all claims asserted by Plaintiffs against Defendants in the above-captioned action as to the above-listed 10 sites are Dismissed with Prejudice; and

IT IS FURTHER ORDERED AND ADJUDGED that the parties shall bear and pay their own costs, expenses and attorney's fees heretofore incurred or to be incurred in connection with this dismissal.

STIPULATED BY:

| | |
|---|---|
| Christopher S. Porrino, Acting Attorney General | |
| By: _____ | By: _____ |
| Gwen P. Farley, Esq.<br>Deputy Attorney General<br>R.J. Hughes Justice Complex<br>25 Market St., PO Box 093<br>7th Floor, West Wing<br>Trenton, NJ 08625-0093<br>Phone-(609) 984-4863<br>Fax-(609) 984-9315<br><br>*Attorney for Plaintiffs*<br><br>Date: _____ | Leonard Z. Kaufmann, Esq.<br>COHN LIFLAND PEARLMAN HERMANN &<br>KNOPF LLP<br>Park 80 West-Plaza One<br>250 Pehle Avenue, Suite 401<br>Saddle Brook, NJ 07663<br>(201) 845-9600<br><br>*Special Counsel to the Attorney General*<br><br>Date: _____ |
| By: _____<br>Marc A. Rollo, Esq.<br>ARCHER & GREINER P.C.<br>One Centennial Square<br>33 East Euclid Avenue<br>Haddonfield, NJ 08033<br>(856) 354-3061<br><br>*For Exxon Mobil Corporation, ExxonMobil<br>Oil Corporation, and Mobil Corporation*<br><br>Date: _____ | By: *Michael Murphy*<br>Michael G. Murphy<br>BEVERIDGE & DIAMOND, P.C.<br>477 Madison Avenue, 15th Floor<br>New York, NY 10022<br>(212) 702-5400<br><br>*For Sunoco, Inc. and Sunoco, Inc. (R&M)*<br><br>Date: 7/19/16 |

2

By: _____
Susan M. Dean
RAWLE & HENDERSON LLP
40 Lake Center Executive Park, Suite 200
401 Route 73 North
Marlton, New Jersey 08053
(856) 596-4800

*For Getty Properties Corp.*

Date: 7 / 19 / 2016

By: _____
Diana L. Buongiorno
CHIESA, SHAHINIAN & GIANTOMASI, P.C.
One Boland Drive
West Orange, New Jersey 07052

*For Getty Petroleum Marketing, Inc.*

Date: _____

By: _____
Glenn S. Kerner
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 459-7460

*For Gulf Oil Limited Partnership, Gulf Acquisition LLC, and Cumberland Farms, Inc.*

Date: _____

By: _____
Marina McGuire
SEDGWICK LLP
1085 Raymond Boulevard
One Newark Center, 16th Floor
Newark, New Jersey 07102-5225
(973) 242-0002

*For Shell Oil Company, Shell Oil Products Company LLC, Shell Trading (US) Company, and Motiva Enterprises LLC*

Date: _____

By: _____
Michael F. Williams
KIRKLAND & ELLIS LLP
655 Fifteenth Street N.W.
Washington, D.C. 20005
(202) 879-5000

J. Andrew Langan, P.C.
Bradley H. Weidenhammer
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000
*Admitted Pro Hac Vice*

*Attorneys for Defendants BP Products North America Inc., Atlantic Richfield*

By: _____
Rachel J. Rodriguez
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022-4834
(212) 906-1854

*For ConocoPhillips Company, Tosco Corporation, Tosco Refining Co., Phillips Petroleum Company, and Conoco, Inc.*

Date: _____

By: _____
    Susan M. Dean
    RAWLE & HENDERSON LLP
    40 Lake Center Executive Park, Suite 200
    401 Route 73 North
    Marlton, New Jersey 08053
    (856) 596-4800

*For Getty Properties Corp.*

Date: _____

By: _____
    Diana L. Buongiorno
    CHIESA, SHAHINIAN & GIANTOMASI, P.C.
    One Boland Drive
    West Orange, New Jersey 07052

*For Getty Petroleum Marketing, Inc.*

Date: 7/25/16

By: _____
    Glenn S. Kerner
    GOODWIN PROCTER LLP
    The New York Times Building
    620 Eighth Avenue
    New York, New York 10018-1405
    (212) 459-7460

*For Gulf Oil Limited Partnership, Gulf Acquisition LLC, and Cumberland Farms, Inc.*

Date: _____

By: _____
    Marina McGuire
    SEDGWICK LLP
    1085 Raymond Boulevard
    One Newark Center, 16th Floor
    Newark, New Jersey 07102-5225
    (973) 242-0002

*For Shell Oil Company, Shell Oil Products Company LLC, Shell Trading (US) Company, and Motiva Enterprises LLC*

Date: _____

By: _____
    Michael F. Williams
    KIRKLAND & ELLIS LLP
    655 Fifteenth Street N.W.
    Washington, D.C. 20005
    (202) 879-5000

    J. Andrew Langan, P.C.
    Bradley H. Weidenhammer
    KIRKLAND & ELLIS LLP
    300 North LaSalle
    Chicago, Illinois 60654
    (312) 862-2000
    *Admitted Pro Hac Vice*

*Attorneys for Defendants BP Products North America Inc., Atlantic Richfield*

By: _____
    Rachel J. Rodriguez
    Latham & Watkins LLP
    885 Third Avenue
    New York, NY 10022-4834
    (212) 906-1854

*For ConocoPhillips Company, Tosco Corporation, Tosco Refining Co., Phillips Petroleum Company, and Conoco, Inc.*

Date: _____

3

By: _____
    Susan M. Dean
    RAWLE & HENDERSON LLP
    40 Lake Center Executive Park, Suite 200
    401 Route 73 North
    Marlton, New Jersey 08053
    (856) 596-4800

*For Getty Properties Corp.*

Date: _____

By: _____
    Glenn S. Kerner
    GOODWIN PROCTER LLP
    The New York Times Building
    620 Eighth Avenue
    New York, New York 10018-1405
    (212) 459-7460

*For Gulf Oil Limited Partnership, Gulf Acquisition LLC, and Cumberland Farms, Inc.*

Date: 7/15/16

By: _____
    Michael F. Williams
    KIRKLAND & ELLIS LLP
    655 Fifteenth Street N.W.
    Washington, D.C. 20005
    (202) 879-5000

    J. Andrew Langan, P.C.
    Bradley H. Weidenhammer
    KIRKLAND & ELLIS LLP
    300 North LaSalle
    Chicago, Illinois 60654
    (312) 862-2000
    *Admitted Pro Hac Vice*

*Attorneys for Defendants BP Products North America Inc., Atlantic Richfield*

By: _____
    Diana L. Buongiorno
    CHIESA, SHAHINIAN & GIANTOMASI, P.C.
    One Boland Drive
    West Orange, New Jersey 07052

*For Getty Petroleum Marketing, Inc.*

Date: _____

By: _____
    Marina McGuire
    SEDGWICK LLP
    1085 Raymond Boulevard
    One Newark Center, 16th Floor
    Newark, New Jersey 07102-5225
    (973) 242-0002

*For Shell Oil Company, Shell Oil Products Company LLC, Shell Trading (US) Company, and Motiva Enterprises LLC*

Date: _____

By: _____
    Rachel J. Rodriguez
    Latham & Watkins LLP
    885 Third Avenue
    New York, NY 10022-4834
    (212) 906-1854

*For ConocoPhillips Company, Tosco Corporation, Tosco Refining Co., Phillips Petroleum Company, and Conoco, Inc.*

Date: _____

3

By: _____
    Susan M. Dean
    RAWLE & HENDERSON LLP
    40 Lake Center Executive Park, Suite 200
    401 Route 73 North
    Marlton, New Jersey 08053
    (856) 596-4800

*For Getty Properties Corp.*

Date: _____

By: _____
    Glenn S. Kerner
    GOODWIN PROCTER LLP
    The New York Times Building
    620 Eighth Avenue
    New York, New York 10018-1405
    (212) 459-7460

*For Gulf Oil Limited Partnership, Gulf Acquisition LLC, and Cumberland Farms, Inc.*

Date: _____

By: _____
    Michael F. Williams
    KIRKLAND & ELLIS LLP
    655 Fifteenth Street N.W.
    Washington, D.C. 20005
    (202) 879-5000

    J. Andrew Langan, P.C.
    Bradley H. Weidenhammer
    KIRKLAND & ELLIS LLP
    300 North LaSalle
    Chicago, Illinois 60654
    (312) 862-2000
    *Admitted Pro Hac Vice*

*Attorneys for Defendants BP Products North America Inc., Atlantic Richfield*

---

By: _____
    Diana L. Buongiorno
    CHIESA, SHAHINIAN & GIANTOMASI, P.C.
    One Boland Drive
    West Orange, New Jersey 07052

    *For Getty Petroleum Marketing, Inc.*

Date: _____

By: _____
    Martha McGuire
    SEDGWICK LLP
    1085 Raymond Boulevard
    One Newark Center, 16th Floor
    Newark, New Jersey 07102-5225
    (973) 242-0002

    *For Shell Oil Company, Shell Oil Products Company LLC, Shell Trading (US) Company, and Motiva Enterprises LLC*

Date: _____

By: _____
    Rachel J. Rodriguez
    Latham & Watkins LLP
    885 Third Avenue
    New York, NY 10022-4834
    (212) 906-1854

    *For ConocoPhillips Company, Tosco Corporation, Tosco Refining Co., Phillips Petroleum Company, and Conoco, Inc.*

Date: _____

3

By: _____
    Susan M. Dean
    RAWLE & HENDERSON LLP
    40 Lake Center Executive Park, Suite 200
    401 Route 73 North
    Marlton, New Jersey 08053
    (856) 596-4800

*For Getty Properties Corp.*

Date: _____

By: _____
    Glenn S. Kerner
    GOODWIN PROCTER LLP
    The New York Times Building
    620 Eighth Avenue
    New York, New York 10018-1405
    (212) 459-7460

*For Gulf Oil Limited Partnership, Gulf Acquisition LLC, and Cumberland Farms, Inc.*

Date: _____

By: _____
    Michael F. Williams
    KIRKLAND & ELLIS LLP
    655 Fifteenth Street N.W.
    Washington, D.C. 20005
    (202) 879-5000

    J. Andrew Langan, P.C.
    Bradley H. Weidenhammer
    KIRKLAND & ELLIS LLP
    300 North LaSalle
    Chicago, Illinois 60654
    (312) 862-2000
    *Admitted Pro Hac Vice*

*Attorneys for Defendants BP Products North America Inc., Atlantic Richfield*

---

By: _____
    Diana L. Buongiorno
    CHIESA, SHAHINIAN & GIANTOMASI, P.C.
    One Boland Drive
    West Orange, New Jersey 07052

*For Getty Petroleum Marketing, Inc.*

Date: _____

By: _____
    Marina McGuire
    SEDGWICK LLP
    1085 Raymond Boulevard
    One Newark Center, 16th Floor
    Newark, New Jersey 07102-5225
    (973) 242-0002

*For Shell Oil Company, Shell Oil Products Company LLC, Shell Trading (US) Company, and Motiva Enterprises LLC*

Date: _____

By: _____
    Rachel J. Rodriguez
    Latham & Watkins LLP
    885 Third Avenue
    New York, NY 10022-4834
    (212) 906-1854

*For ConocoPhillips Company, Tosco Corporation, Tosco Refining Co., Phillips Petroleum Company, and Conoco, Inc.*

Date: ___7 - 19- 16___

3

By: _____
    Susan M. Dean
    RAWLE & HENDERSON LLP
    40 Lake Center Executive Park, Suite 200
    401 Route 73 North
    Marlton, New Jersey 08053
    (856) 596-4800

*For Getty Properties Corp.*

Date: _____

---

By: _____
    Glenn S. Kerner
    GOODWIN PROCTER LLP
    The New York Times Building
    620 Eighth Avenue
    New York, New York 10018-1405
    (212) 459-7460

    *For Gulf Oil Limited Partnership, Gulf Acquisition LLC, and Cumberland Farms, Inc.*

Date: _____

---

By: _____
    Michael F. Williams
    KIRKLAND & ELLIS LLP
    655 Fifteenth Street N.W.
    Washington, D.C. 20005
    (202) 879-5000

    J. Andrew Langan, P.C.
    Bradley H. Weidenhammer
    KIRKLAND & ELLIS LLP
    300 North LaSalle
    Chicago, Illinois 60654
    (312) 862-2000
    *Admitted Pro Hac Vice*

    *Attorneys for Defendants BP Products North America Inc., Atlantic Richfield*

---

By: _____
    Diana L. Buongiorno
    CHIESA, SHAHINIAN & GIANTOMASI, P.C.
    One Boland Drive
    West Orange, New Jersey 07052

    *For Getty Petroleum Marketing, Inc.*

Date: _____

---

By: _____
    Marina McGuire
    SEDGWICK LLP
    1085 Raymond Boulevard
    One Newark Center, 16th Floor
    Newark, New Jersey 07102-5225
    (973) 242-0002

    *For Shell Oil Company, Shell Oil Products Company LLC, Shell Trading (US) Company, and Motiva Enterprises LLC*

Date: _____

---

By: _____
    Rachel J. Rodriguez
    Latham & Watkins LLP
    885 Third Avenue
    New York, NY 10022-4834
    (212) 906-1854

    *For ConocoPhillips Company, Tosco Corporation, Tosco Refining Co., Phillips Petroleum Company, and Conoco, Inc.*

Date: _____

3

Case 1:17-cv-00204-WES-PAS   Document 208-2   Filed 07/24/20   Page 14 of 88 PageID #:
2424
Case 3:15-cv-06468-MEW-LHG   Document 508-2   Filed 08/15/16   Page 14 of 12 PageID: 916

| *Company, BP America Inc., BP Corporation North America Inc., and BP Amoco Chemical Company*<br><br>Date: 7/19/16 | |

SO ORDERED:

_____
HON. ~~LOIS H. GOODMAN~~ Freda L. Wolfson
United States ~~Magistrate~~ Judge
    District

8/15/16
DATE

4

# Exhibit C



**Expert Report**

Natural Resource Damages Associated with Injury to Groundwater Resources at 19 Sites in New Jersey

*New Jersey Department of Environmental Protection (NJDEP)* et al. *v. Atlantic Richfield Company,* et al., No. 08-CIV-00312

8 November 2012

Robert E. Unsworth

prepared for:

Office of the Attorney General of New Jersey,

Miller Axline & Sawyer,

Law Offices of John K. Dema, P.C.,

Cohn Lifland Pearlman Herrmann & Knopf, and

Berger & Montague

prepared by:

Robert E. Unsworth

Principal

Industrial Economics, Incorporated

2067 Massachusetts Avenue

Cambridge, MA 02140

INDUSTRIAL ECONOMICS, INCORPORATED

## TABLE OF CONTENTS

INTRODUCTION   *1*

SUMMARY OF OPINION   *1*

QUALIFICATIONS   *7*

BASIC UNDERSTANDING OF THE SITUATION   *8*
MTBE Release Sites   *8*
Ground Water Quality Standards in New Jersey   *12*

GROUNDWATER SERVICES AND VALUES   *12*

MEASURES OF NATURAL RESOURCE DAMAGE   *15*

RESOURCE EQUIVALENCY ANALYSIS   *17*
Criteria for Sound REA   *23*

DETERMINATION OF APPROPRIATE SCALE AND COST OF REPLACEMENT   *26*
Calculation of Scale of Injury   *31*
 *Calculate Area Within Which the Public Has Lost Groundwater Services*   *31*
 *Determine Period of Loss*   *32*
 *Calculate Annual Volume of Injured Groundwater*   *32*
 *Calculate Total Present Value Volume of Injured Groundwater over the Period of Loss*   *33*
Calculation of Restoration Benefits   *33*
 Replacement Alternatives Considered in This Analysis   *33*
 Land Purchase   *34*
 Impervious Surface Removal   *35*
 New Jersey Stormwater Best Management Practices (BMPs)   *37*

RESULTS   *40*
Sites for Which Replacement Costs are Developed   *40*
Sites Where Damages are Expected to be Modest   *42*
The Damage Estimates Presented in this Report are Conservative   *42*

DEPOSITION AND TESTIMONY IN THE LAST FIVE YEARS   *43*

COMPENSATION   *43*

INFORMATION RELIED UPON   *43*

ATTACHMENT A:  DETAILED TABLES OF RESULTS   *49*

ATTACHMENT B:  CURRENT VITA OF ROBERT E. UNSWORTH   *54*

### SITES WHERE DAMAGES ARE EXPECTED TO BE MODEST

I calculate damages for 10 of the 19 sites considered in this matter.  For the other nine sites, I have determined that the likely damages would be modest relative to the cost of completing site-specific assessments.  As a result, I do not present damages estimates for those sites.

### THE DAMAGE ESTIMATES PRESENTED IN THIS REPORT ARE CONSERVATIVE

There are a number of reasons why the compensatory damage estimates presented in this report are very conservative (i.e., understate damages).  These include:

- For the land conservation restoration option, I assume that no clean recharge will occur if the land is developed.  In fact, New Jersey state law requires the maintenance of recharge for new development.  In addition, I assume development would occur absent conservation; in reality, it may be many years before any development occurs.  As a result, the true benefits of this alternative may be overstated in this report.

- Based on discussions with aquilogic, the assumed date of recovery of the plume to a pre-discharge state of less than 1 ppb is expected to occur after 5, 10, or 15 years depending on the site and considering primary restoration.  In fact, it may take more time for MTBE concentrations to fall to this level at some sites (personal communication with Anthony Brown).  Thus, my estimate of the period of injury is conservative (i.e., likely to understate losses).

- These sites are generally not well-characterized.  As such, actual plume sizes at the sites I assess in detail are substantially larger than has been conservatively delineated based upon limited existing groundwater data.

**Exhibit D**

3/20/2017                                        Water for the Future Queens Groundwater Rehabilitation



| NYC |  | NYC Resources | 311 | Office of the Mayor |

**NYC Water for the Future** Environmental Protection

What is Water for the Future? ▼     Our Projects ▼     Your Water ▼

## Queens Groundwater Rehabilitation

The Queens Rehabilitation Project (GWREHAB) has been put on hold indefinitely since June 23, 2015. DEP has determined that these wells are not required for reactivation as an augmentation supply for the Rondout West-Branch Tunnel (RWBT) Shutdown. due to the activation of the Croton WTP, increase in Water from the Catskill Repair and Rehabilitation Project, conservation efforts and projections for a shorter shutdown of RWBT.

**What's in the News**

**Get In Touch**

**Environmental Impact Statement**

**May 29 Public Hearing**

**Like Us On Facebook**

👍 Like 23

**Strategy 2011-2014**



**Initiative 32 - Develop and implement a plan to repair the Delaware Aqueduct.**

WATER FOR THE FUTURE PROGRAM

*Program Partners*

              

City of New York Department of Parks and Recreation | New York City School Construction Authority | Fire Department of New York | City University of New York | New York City Police Department | New York City Department of Education | Office of the Mayor Bill de Blasio | The New York City Council | Town of Wappinger | Town of Newburgh, NY

Copyright 2014 The City of New York                    Contact Us      Privacy Policy      Terms of Use

# Exhibit E

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE; METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | * * * * | Master File No. 1:00-1898 MDL NO. 1358 (SAS) |
| This document relates to | * * | **SECOND AMENDED COMPLAINT** |
| *Commonwealth of Pennsylvania, etc. v. Exxon Mobil Corporation, et al*, No. 1:14-cv-06228-SAS | * * | |

---

**THE COMMONWEALTH OF PENNSYLVANIA**, by and through Pennsylvania Attorney General Kathleen G. Kane, the Pennsylvania Insurance Department, the Pennsylvania Department of Environmental Protection and the Pennsylvania Underground Storage Tank Indemnification Fund,

　　　　　　Plaintiff,

　　　　　　v.

**EXXON MOBIL CORPORATION**, individually and as f/k/a, d/b/a and/or successor in liability to ExxonMobil Refining and Supply Company, Exxon Chemical U.S.A., ExxonMobil Chemical Corporation, ExxonMobil Chemical U.S.A., Exxon Corporation, and Mobil Corporation, ExxonMobil Refining & Supply Corporation, and Exxon Company, U.S.A.;
**EXXONMOBILOIL CORPORATION**, individually and as f/k/a, d/b/a and/or successor in liability to Mobil Oil Corporation;
**EXXON COMPANY, U.S.A.**, individually and as d/b/a, a/k/a and/or as predecessor in liability to ExxonMobil Corporation

1

Commonwealth; and (iii) equitable remedies for harm caused by MTBE Defendants' unfair and deceptive acts and practices in the marketing of MTBE and MTBE gasoline.

9.       As a result of releases of MTBE from various gasoline stations and gasoline storage, transfer, delivery and dispensing systems ("gasoline storage and delivery systems"), MTBE has been detected in waters of the Commonwealth throughout the state.

10.       The waters of the Commonwealth that have been contaminated by these releases of MTBE include groundwater and other waters located directly beneath, on, or adjacent to these release sites, waters connected to waters beneath, on, or adjacent to these release sites, and public and private drinking water wells.

11.       MTBE is more persistent and mobile in groundwater than other constituents of gasoline. As a result of these characteristics, MTBE spreads farther and contaminates more groundwater than other gasoline ingredients.

12.       MTBE can cause adverse health effects. MTBE is a carcinogen. MTBE can also render drinking water foul, putrid and unfit for human consumption at low concentrations.

13.       MTBE contamination has injured, continues to injure and threatens to injure the waters the Commonwealth, and the health, safety and welfare of the citizens of Pennsylvania.

14.       MTBE Defendants designed, manufactured, formulated, refined, set specifications for, exchanged, promoted, stored, marketed and/or otherwise supplied (directly or indirectly) MTBE and MTBE gasoline that was delivered, stored and sold in Pennsylvania (or to areas outside Pennsylvania affecting the waters of the Commonwealth) resulting in contamination of the waters of the Commonwealth.

15.       MTBE Defendants include MTBE manufacturers and MTBE gasoline refiners and major-brand gasoline marketers and distributors. At all times relevant, MTBE Defendants

together controlled all or substantially all the entire market in Pennsylvania for MTBE and MTBE gasoline.

16.     MTBE Defendants acted as aforesaid with respect to MTBE and MTBE gasoline despite the availability of reasonable alternatives and the MTBE Defendants' actual or constructive knowledge that MTBE and MTBE gasoline was hazardous, would be released into the environment from various gasoline delivery and storage systems, and would contaminate the waters of the Commonwealth.

17.     MTBE Defendants knew or reasonably should have known that MTBE contamination would interfere with the Commonwealth's interests in protecting and preserving its public natural resources, including the waters of the Commonwealth, and otherwise impact and threaten the public health, safety and welfare, as has occurred and is continuing to occur within Pennsylvania.

18.     As a result of MTBE Defendants' acts as alleged herein, the Commonwealth has suffered damages to its water resources and has incurred and will incur costs in defining the extent of MTBE contamination throughout the state and in monitoring and remediating MTBE.

19.     MTBE Defendants are strictly liable for manufacturing and/or supplying defective products and failing to provide adequate warnings or instructions in connection with likely releases of the products.  MTBE Defendants are also liable for creating public nuisances by the foreseeable release of MTBE and MTBE gasoline into the waters of the Commonwealth, for trespass thereby upon the waters of the Commonwealth, for negligently causing damage to the waters of the Commonwealth and for all resulting damages from the release of MTBE and MTBE gasoline into the environment.  MTBE Defendants also are liable for punitive damages to reflect the aggravating circumstances of their wanton, malicious, oppressive and fraudulent

conduct as set forth herein and for civil penalties and equitable relief under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P. S. § 201-1 *et seq.*, ("UTPCPL") based upon defendants' efforts to deceptively and unfairly market MTBE and MTBE gasoline as safe for the environment.

## THE COMMONWEALTH'S INSURANCE CLAIMS

20.    The Pennsylvania General Assembly, through The Storage Tank and Spill Prevention Act, Act 32 of 1989, 35 P. S. §§ 6021.101 *et seq.*, as amended ("STSPA" or "Act"), created USTIF to assist underground storage tank ("UST") owners and operators in meeting the financial responsibility requirements set forth in regulations established by the Pennsylvania Department of Environmental Protection with respect to UST releases.

21.    The Insurance Defendants owned or operated USTs and associated dispensing equipment ("UST systems") in Pennsylvania and, at all relevant times, were participants in USTIF.

22.    Regulations adopted pursuant to the STSPA required at all times relevant that USTIF participants be eligible for Fund coverage or corrective action costs.  25 Pa. Code § 977.1 *et seq.*  Regulations adopted pursuant to STSPA also establish release reporting, release confirmation and corrective action requirements.  25 Pa. Code § 245.301 *et seq.*

23.    USTIF made claim payments to eligible UST owners or operators for corrective action costs incurred as a result of an eligible claim upon the Fund.

24.    To be eligible for Fund coverage, a claimant who was a tank owner or operator was required to meet the eligibility criteria set forth in 25 Pa. Code § 977.31, specifically:

a.    The claimant was the owner or operator of the tank which is the subject of the claim;

14

# Exhibit F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation

Master File No. 1:00-1898 (SAS)
MDL 1358 (SAS)
M21-88

|  |  |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; THE COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; and THE ADMINISTRATOR OF THE NEW JERSEY SPILL COMPENSATION FUND, | ) ) ) ) ) ) ) ) |

Case No. 08 Civ. 00312 (SAS)

FOURTH AMENDED
COMPLAINT

Jury Trial Demanded

Plaintiffs,

v.

ATLANTIC RICHFIELD COMPANY;
BP AMERICA, INC.;
BP AMOCO CHEMICAL COMPANY;
BP AMOCO CORPORATION;
BP PRODUCTS NORTH AMERICA, INC.;
CHEVRON CORPORATION;
CHEVRON U.S.A., INC.;
CITGO PETROLEUM CORPORATION;
COASTAL EAGLE POINT OIL
COMPANY;
CONOCOPHILLIPS COMPANY;
CROWN CENTRAL PETROLEUM
CORPORATION;
CUMBERLAND FARMS, INC.;
DUKE ENERGY MERCHANTS, LLC;
EL PASO CORPORATION;
EQUILON ENTERPRISES, LLC;
EXXONMOBIL CORPORATION;
EXXONMOBIL OIL CORPORATION;
GEORGE E. WARREN CORPORATION;
GETTY PETROLEUM MARKETING,
INC.;
GETTY PROPERTIES CORP.;
GIANT YORKTOWN, INC.;
GULF ACQUISITION LLC;
GULF OIL LIMITED PARTNERSHIP;

geographic portions of surface water bodies fall within Class FW or Class PL by reference to N.J.A.C. 7:9B-1.15. For purposes of this Complaint, Class SE and SC waters, which are defined by the New Jersey Surface Water Quality Standards as saline coastal waters and estuaries, N.J.A.C. 7:9B-1.4, are not "waters of the State." For purposes of this Complaint, "waters of the State" do not include ground waters underlying or surface waters on federally owned properties, such as army and navy bases.

3. MTBE discharges have been detected in waters of the State at service stations, refineries, and terminals throughout New Jersey. Defendants know the location of sites where MTBE has been discharged. The waters of the State that have been affected by these discharges include waters located directly beneath, on, or adjacent to these discharge sites, and waters that are hydrogeologically connected to waters beneath, on, or adjacent to these discharge sites. Defendants are aware of sites where waters of the State have been impacted by discharges because Defendants are required by law to investigate impacts to waters at sites where discharges have occurred, including potential impacts to wells used to supply drinking water.

4. The waters of the State constitute limited, precious and invaluable public natural resources that are held in trust for the benefit of all New Jersey citizens, and for which plaintiffs DEP, the Administrator, and the Commissioner have the authority and responsibility to protect, conserve and manage in the interest of present and future generations of its citizens. The plaintiffs seek relief in this case for all MTBE contaminated or threatened waters of the State.

5. The Defendants in this action are major oil and chemical companies that designed and/or manufactured MTBE and/or supplied gasoline containing MTBE within the State, and/or affecting waters of the State. The Defendants include MTBE manufacturers and refiners and major-brand marketers of gasoline containing MTBE, which was entered and continues to be

4

entered into the stream of the State's commerce and which has injured and continues to injure the waters of the State.

6.    The Defendants' manufacture or use of MTBE in gasoline has created an unprecedented threat to waters of the State, including many public and private drinking water supplies, all of which the State holds in trust for the benefit of its citizens.  This includes the costs to treat MTBE contaminated water used by public community water supply wells, public non-community water supply wells, and private domestic water supply wells.  The plaintiffs also seek the costs to restore all MTBE contaminated waters of the State to their pre-discharge condition as well as damages for the loss of value of the waters of the State pursuant to the Spill Act and New Jersey common law.

7.    Unlike other gasoline constituents, MTBE contaminates and spreads in water resources quickly, and hides and resists removal and treatment, thereby presenting a serious threat to the waters of the State.  MTBE has already contaminated numerous drinking water sources in the State and threatens to contaminate many more, as a result of normal and foreseen storage and the purchase and use of gasoline by the State's residents.

8.    In addition to producing and/or supplying MTBE or gasoline containing MTBE for importation into and/or sale within the State, the Defendants knowingly and willfully promoted, marketed and sold MTBE and gasoline and other petroleum products (hereinafter collectively, "gasoline") containing MTBE, when they knew or reasonably should have known that MTBE would be discharged into the environment and pollute the waters of the State in violation of New Jersey law, and would interfere with the Plaintiffs' interests in protecting and preserving such waters and threaten public health and welfare and the environment, as has occurred and is continuing to occur within the State.

5

9.    The Defendants, among other things:

(a)    designed, manufactured, formulated, refined, set specifications for, exchanged, promoted, marketed and/or otherwise supplied (directly or indirectly) gasoline containing MTBE that was delivered into the State (or areas affecting the waters of the State), such that discharges of MTBE contaminate and threaten the waters of the State;

(b)    were legally responsible for and committed each of the multiple tortious and wrongful acts alleged in this Complaint;

(c)    participated in one or more enterprises to promote MTBE and/or gasoline containing MTBE, despite the availability of reasonable alternatives and their actual or constructive knowledge that the pollution alleged herein would be the inevitable result of their conduct; and

(d)    in doing the tortious and wrongful acts alleged in this Complaint, acted in the capacity of joint-venturer, partner, agent, principal, successor-in-interest, surviving corporation, fraudulent transferee, fraudulent transferor, controller, alter-ego, co-conspirator, licensee, licensor, patent holder and/or indemnitor of each of the named Defendants.

10.    At all times relevant to this action, the Defendants together controlled virtually the entire market for gasoline containing MTBE in New Jersey.

11.    To the extent any act or omission of any of the Defendants is alleged in this Complaint, the officers, directors, agents, employees or representatives of each such Defendant committed or authorized each such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or

6

# Exhibit G

Case 1:17-cv-00304-WES-PAS Document 208-2 Filed 07/24/20 Page 33 of 88 PageID #:
2443
Case 3:13-cv-01678-ADC Document 25 Filed 07/22/13 Page 3 of 64

# UNITED STATES DISTRICT COURT
# FOR PUERTO RICO

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **COMMONWEALTH OF PUERTO** | ) | |
| **RICO and COMMONWEALTH OF** | ) | |
| **PUERTO RICO through the** | ) | |
| **ENVIRONMENTAL QUALITY** | ) | |
| **BOARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **FIRST AMENDED** |
| | ) | **COMPLAINT** |
| | ) | |
| | ) | **Civil Action** |
| **v.** | ) | **13-cv-01678-ADC** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SHELL OIL COMPANY;** | ) | |
| **SOL PUERTO RICO LTD. (f/k/a SHELL** | ) | |
| **COMPANY PUERTO RICO LTD.);** | ) | |
| **SHELL CHEMICAL YABUCOA, INC.;** | ) | |
| **SHELL TRADING (US) COMPANY;** | ) | |
| **MOTIVA ENTREPRISES, LLC;** | ) | |
| **EQUILON ENTERPRISES, LLC;** | ) | |
| **ENI USA R&M CO., INC. (f/k/a AMERICAN** | ) | |
| **AGIP COMPANY INC.;** | ) | |
| **BUCKEYE CARIBBEAN TERMINALS LLC;** | ) | |
| **CHEVRON CORPORATION;** | ) | |
| **CHEVRON, U.S.A., INC.;** | ) | |
| **PC PUERTO RICO, LLC (f/k/a CHEVRON** | ) | |
| **PUERTO RICO, LLC);** | ) | |
| **TEXACO PUERTO RICO, INC.;** | ) | |
| **TEXACO INTERNATIONAL TRADER, INC.;** | ) | |
| **CHEVRON PHILLIPS;** | ) | |
| **CHEMICAL PUERTO RICO CORE, INC.;** | ) | |
| **TEXACO PETROLEUM, INC.;** | ) | |
| **CHEVRON INTERNATIONAL** | ) | |
| **OIL COMPANY, INC.;** | ) | |
| **TEXACO REFINING AND** | ) | |
| **MARKETING, INC.;** | ) | |
| **CHEVRON CARIBBEAN, INC.;** | ) | |
| **CHEVRON ESTRELLA PUERTO RICO, INC.;** | ) | |
| **CHEVRON TEXACO GLOBAL TRADING;** | ) | |
| **COLONIAL GROUP INC.;** | ) | |
| **COLONIAL OIL INDUSTRIES, INC.;** | ) | |
| **COLONIAL CARIBBEAN INC.;** | ) | |
| **ESSO STANDARD OIL COMPANY** | ) | |
| **(PUERTO RICO);** | ) | |

constitutes an injury to the waters of the Commonwealth, property owned by the Commonwealth and held in public trust by the Commonwealth for the People of Puerto Rico. The Commonwealth seeks damages in its *parens patriae* capacity for the contamination of such waters.

16.     It is the public policy of the Commonwealth to maintain the purity of the waters of the Commonwealth required for the welfare, safety, and development of the Commonwealth and to insure and protect the water supply that may be needed by present and future generations. To achieve this purpose, the laws of the Commonwealth have deemed all waters and bodies of water of Puerto Rico, including the waters of the Commonwealth, as defined herein in Paragraph 5 above, to be the property and wealth of the People of Puerto Rico. *See* 12 L.P.R.A. §§ 1115a, 1115c. It is the duty of the Commonwealth Government to administer and protect this patrimony in the name and on behalf of the Puerto Rican people. The waters of the Commonwealth are common property in the public domain for public use and are not subject to commerce by citizens of the Commonwealth. The waters of the Commonwealth constitute common things of public domain. *See* 31 L.P.R.A. §§ 1023, 1024 & 1025. Prescription ("prescripción") does not run on claims by the Commonwealth over public property and things of a public nature such as the waters of the Commonwealth. *See* 31 L.P.R.A. § 5247.

17.     The Commonwealth, through the Environmental Quality Board, has standing to enforce the Commonwealth's environmental regulations and statutes through The Public Policy Environmental Act, Title II, Act No. 9, 12 L.P.R.A. §8001 *et seq.*

18.     The Secretary of Justice may, when in his judgment the interests of the Commonwealth require it, institute and conduct proceedings against persons who intrude on the lands, rights, or property of the Commonwealth, or commit or erect any nuisance thereon.

Case 1:17-cv-00304-WES-PAS  Document 208-2  Filed 07/24/20  Page 35 of 88 PageID #:
2445
Case 3:13-cv-01678-ADC  Document 25  Filed 12/20/13  Page 35 of 64

## DEFENDANTS

19.     The Defendants in this action are all corporate members of the petroleum industry.  As described below, Defendants include refiners of gasoline containing MTBE that contaminates waters of the Commonwealth; manufacturers and promoters of MTBE; suppliers of gasoline containing MTBE that contaminates waters of the Commonwealth; and owners and/or operators of gasoline facilities that have released MTBE that contaminates waters of the Commonwealth.

20.     Any and all references to Defendant, Defendants, or a particular Defendant by name in this Complaint include all predecessors, successors, parents, subsidiaries, affiliates, divisions, and agents of the named Defendants.

21.     When the term "Defendants" is used alone, it refers to all Defendants named herein jointly and severally.

22.     When reference in this complaint is made to any act or omission of the Defendants, it shall be deemed to mean that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of Defendants, and did so while acting within the scope of their employment or agency.

23.     Upon information and belief, parent corporations named herein exercised pervasive and excessive control over their subsidiary entities named herein such that the parent corporations controlled the subsidiary businesses as a whole and thereby conducted business in Puerto Rico.  Moreover, upon information and belief, the subsidiary corporations named herein have acted as agents of their parent corporations in conducting business in the Commonwealth or selling products for use and distribution within the Commonwealth.

Case 1:17-cv-00294-WES-PAS Document 208-2 Filed 07/24/20 Page 36 of 88 PageID #:
2446
Case 3:13-cv-01678-ADC Document 6 Filed 12/20/13 Page 10 of 84

24.     The Defendants, among other things:

(a)     designed, manufactured, formulated, refined, set specifications for, exchanged, promoted, marketed and/or otherwise supplied (directly or indirectly) gasoline containing MTBE or neat MTBE that was refined in or delivered into the Commonwealth, such that discharges of MTBE contaminate and threaten the waters of the Commonwealth;

(b)     were legally responsible for and committed each of the multiple tortious and wrongful acts alleged in this Complaint;

(c)     participated in one or more enterprises to promote MTBE and/or gasoline containing MTBE, despite the availability of reasonable alternatives and their actual or constructive knowledge that the pollution alleged herein would be the inevitable result of their conduct; and

(d)     in doing the tortious and wrongful acts alleged in this Complaint, acted in the capacity of joint-venturer, partner, agent, principal, successor-in-interest, surviving corporation, fraudulent transferee, fraudulent transferor, controller, alter-ego, co-conspirator, licensee, licensor, patent holder and/or indemnitor of each of the named Defendants.

**A.     Refiner/Supplier Defendants**

25.     Upon information and belief, the following Defendants, at all times relevant to this action, refined, marketed and/or otherwise supplied (directly or indirectly) gasoline and/or other products containing MTBE that each such Defendant knew or should have known would be delivered into the Commonwealth. The following Defendants and Does 1 through 99 are collectively referred to as the "Refiner/Supplier Defendants."

26.     Eni USA R&M Co., Inc. (f/k/a American Agip Company Inc.) is a Delaware corporation with its principal place of business at 485 Madison Avenue, New York, New York.

27.     Buckeye Caribbean Terminals LLC is a Puerto Rico limited liability company with its principal place of business at Road 901 Km 2.7, Bo. Camino Nuevo, Yabucoa, Puerto Rico.

28.     Chevron Corporation ("Chevron Corp.") is a Delaware corporation with its principal place of business at 6001 Bollinger Canyon Road, San Ramon, California. Defendant Chevron Corp. is the successor-in-interest to ChevronTexaco Corporation and successor-in-interest to Texaco, Inc.  Upon information and belief, the Commonwealth further alleges that Chevron Corp. owns and/or controls defendant Chevron U.S.A., Inc.

29.     PC Puerto Rico LLC (f/k/a Chevron Puerto Rico LLC) ("PC PR") is a former affiliate of Chevron Global Energy, Inc., which was also known as Chevron Texaco Products Company, a Delaware limited liability company, with its principal place of business at 6001 Bollinger Canyon Rd., Room 5378, San Ramon, CA. PC PR currently is affiliated with the Puma and Trafigura family of companies.  Upon information and belief, the Commonwealth alleges that PC Puerto Rico was formerly known as Chevron Puerto Rico LLC, which was formerly known as Texaco Puerto Rico LLC, which was formerly known as Texas Company (Puerto Rico) Inc.

30.     Texaco Puerto Rico, Inc. ("Texaco PR") is a Puerto Rico corporation with its principal place of business located at Texaco Plaza Metro Office Park, Street 1 #2, 4th Floor, Suite 400, Guaynabo, Puerto Rico.

31.     Texaco International Trader, Inc. is a Delaware corporation with its principal place of business in White Plains, New York and Houston, Texas.

32.     Chevron Phillips Chemical Puerto Rico Core, Inc. ("Chevron Phillips"), upon information and belief formally known as Phillips Puerto Rico Core Inc., is a Delaware corporation with its principal place of business in Puerto Rico located at Carr 710 KM 1.3, Guayama, Puerto Rico.  Chevron Phillips is a subsidiary of Chevron Phillips Chemical LLC.

33.      Texaco Petroleum, Inc. ("Texaco Petroleum") is a Delaware Corporation with its principal place of business in Puerto Rico at Street 1, #2 Metro Office Park, Guayanabo, Puerto Rico.

34.     Chevron International Oil Company, Inc. ("Chevron International") is a Delaware corporation with its principal place of business in Puerto Rico at Almacenes Del Castillo, Zona Libre, San Juan, Puerto Rico.

35.     Chevron U.S.A., Inc. ("Chevron U.S.A.") is a Pennsylvania corporation with its principal place of business at 6001 Bollinger Road, San Ramon, California. Chevron U.S.A. acquired Gulf Oil Corporation ("Gulf Oil") through merger in 1984 and is the successor in interest to Gulf Oil.

36.     The term "Chevron" as used in this Complaint refers to Chevron Corp. and Chevron U.S.A.

37.     Texaco Refining and Marketing, Inc. ("Texaco") is a Delaware corporation with its principal place of business in Houston, Texas.

38.     ChevronTexaco Global Trading is a corporation with its principal place of business in Houston, Texas.

39.     CITGO Refining and Chemical Company, LP ("CITGO Refining"), a subsidiary of CITGO Investment Company, is an Oklahoma limited partnership with its principal place of business at 6100 South Yale Avenue, Tulsa, Oklahoma.

40.     CITGO International P.R. ("CITGO International"), also known as CITGO Puerto Rico Petroleum Corporation is a Delaware corporation with its principal place of business at 6100 South Yale Avenue, Tulsa, Oklahoma.

41.     CITGO Petroleum Corporation ("CITGO Petroleum") is a Delaware corporation with its principal place of business at 6100 South Yale Avenue, Tulsa, Oklahoma.

42.     Citgo International Latin America is a Delaware corporation with its principal place of business at 6100 South Yale Avenue, Tulsa, Oklahoma.

43.     The term "CITGO" as used in this Complaint refers to CITGO Petroleum and/or CITGO Refining.

44.     Colonial Group, Inc. is a Delaware corporation with its principal place of business at 101 North Lathrop Avenue, Savannah, Georgia.

45.     Colonial Oil Industries, Inc. is a Georgia corporation with its principal place of business at 101 North Lathrop Avenue, Savannah, Georgia

46.     Colonial Caribbean, Inc. is a Delaware corporation with its principal place of business at Three Riverway, Suite 2000, Houston, Texas as well as in Guayanilla, Puerto Rico.

47.     ConocoPhillips Company ("ConocoPhillips") is a Delaware corporation with its principal place of business at 600 North Dairy Ashford, Houston, Texas. On information and belief, the Commonwealth alleges that ConocoPhillips was formed as the result of a merger in 2002 of Conoco, Inc. and Phillips Petroleum Company. On information and belief, the Commonwealth further alleges that ConocoPhillips is the successor corporation to Conoco, Inc. and Phillips Petroleum Company. The Commonwealth is further informed and believes that ConocoPhillips is the successor corporation to Tosco Corporation, including its subsidiary Tosco Refining LP, which was acquired by Phillips Petroleum Company in 2001.

48.     Esso Standard Oil Company (Puerto Rico) ("ESSORICO") is a Commonwealth of Puerto Rico corporation with its principal place of business at San Patricio Avenue, Parkside Corner #1, Guaynabo, Puerto Rico.  ESSORICO is wholly owned by defendant ExxonMobil Corporation.

49.     Exxon Caribbean Sales Inc. ("Esso Caribbean")_is a Delaware corporation with principal place of business at 396 Alhambra Circle, Coral Gables, Florida.

50.     ExxonMobil Sales & Supply LLC is a Delaware corporation with its principal place of business at 3225 Gallows Road, Fairfax, Virginia.

51.     ExxonMobil Corporation ("ExxonMobil Corp.") is a New Jersey corporation with its principal place of business at 5959 Las Colinas Boulevard, Irving, Texas. Defendant ExxonMobil was formed as a result of a merger in 1999 of Mobil Oil Corporation and Exxon Corporation.

52.     Exxon Company USA is a corporation with its principal place of business in Irving, Texas.

Case 1:17-cv-00304-WES-PAS Document 208-2 Filed 07/24/20 Page 41 of 82 PageID #:
Case 3:13-cv-01675-ADC Document 3 Filed 12/20/13 Page 15 of 84
2451

53.     Exxon Mobil Refining & Supply Corp. is a corporation with its principal place of business in Houston, Texas.

54.     Hess Corporation ("Hess") is a Delaware corporation with its principal place of business at 1185 Avenue of the Americas, New York, New York.

55.     Hess Energy Trading Company, LLC is a Delaware limited liability company with its principal place of business at 1185 Avenue of the Americas, New York, New York.

56.     HOVENSA L.L.C. ("HOVENSA") is a limited liability company organized and existing under the laws of the United States Virgin Islands with its principal place of business located at 1 Estate Hope, Christiansted, St. Croix, United States Virgin Islands.

57.     Hess Oil Virgin Islands Corporation ("HOVIC"), a wholly-owned subsidiary of Hess Corporation, is a corporation organized and existing under the laws of the United States Virgin Islands with its principal place of business located at 1185 Avenue of the Americas, New York, NY.  Defendants HOVENSA and HOVIC are collectively referred to in this Complaint as "Hess."

58.     Shell Oil Company ("Shell Oil") is a Delaware corporation with its principal place of business at One Shell Plaza, 910 Louisiana Street, Houston, Texas.

59.     Sol Puerto Rico Ltd. (f/k/a Shell Company Puerto Rico Ltd. ("SOL PR") is a Puerto Rico corporation with its principal place of business in San Juan, Puerto Rico.

Case 1:17-cv-00294-WES-PAS Document 208-2 Filed 07/24/20 Page 42 of 82 PageID #:
Case 3:13-cv-01678-ADC Document 3 Filed 12/20/13 Page 16 of 84
2452

60.     Shell Chemical Yabucoa, Inc. ("Shell Chemical Yabucoa") is a Puerto Rico corporation with its principal place of business located at Road 901, KM 2.7, Yabucoa, Puerto Rico.

61.     Shell Trading (US) Company ("Shell Trading") is a Delaware corporation with its principal place of business in Houston, Texas and its principal place of business in Puerto Rico at 361 San Francisco Street, Penthouse, Old San Juan, Puerto Rico.

62.     Motiva Enterprises, LLC ("Motiva") is a Delaware limited liability company with its principal place of business at 1100 Louisiana Street, Suite 1000, Houston, Texas.  Upon information and belief, the Commonwealth alleges that Motiva is a successor in interest to certain entities related to defendant Shell Oil Company and defendant Texaco Refining and Marketing, Inc., and is owned and/or controlled by Defendant Shell Oil.  Upon information and belief, the Commonwealth alleges that Motiva was formerly known as Star Enterprises LLC.

63.     Equilon Enterprises, LLC ("Equilon"), d/b/a Shell Oil Products US, is a Delaware limited liability company with its principal place of business at 1100 Louisiana Street, Suite 2200, Houston, Texas.

64.     The term "Shell" as used herein refers to Shell Oil and Motiva.

65.     Sunoco, Inc., formerly known as Sun Oil Company and Sun Company, Inc., is a Pennsylvania corporation with its principal place of business at 1801 Market Street, 27th Floor, Philadelphia, Pennsylvania.

**Exhibit H**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE METHYL TERTIARY BUTYL ETHER
("MTBE") PRODUCTS LIABILITY
LITIGATION

Master File No. 1:00-1898
MDL 1358 (SAS) M21-88

This document relates to:

*Commonwealth of Pennsylvania, et al. v. Exxon
Mobil Corporation, et al.*, Case No. 1:14-cv-
06228 SAS



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/8/15_

SHIRA A. SCHEINDLIN, U.S.D.J.

**[PROPOSED] CASE MANAGEMENT ORDER NO.** 119

This Case Management Order ("CMO") defines the scope of initial disclosures in the above-captioned case (hereinafter the "*Pennsylvania case*"). Additional discovery will be addressed in subsequent CMOs.

**I.      IDENTIFICATION OF COVERED PERSONS**

By June 5, 2015, parties who have not yet done so in MDL 1358 shall identify "covered persons" in accordance with Sections 2(b) and 2(c) of the Court's 2005 Order for Preservation of Documents. Any parties added subsequent to the date of this Order shall identify "covered persons" within sixty (60) days from the later of the defendant's answer date or, as applicable, a decision on the defendant's motion to dismiss.

**II.     INITIAL DISCLOSURES BY PLAINTIFF:**

A.      By December 31, 2015, Plaintiff shall identify every "release site" (by name, address and site identification number) reported to the Commonwealth or which the Commonwealth discovered through its own investigation at which Plaintiff contends neat MTBE or gasoline with MTBE was released. Plaintiff shall not limit its responses to

information contained in readily accessible electronic data (as defined below). Also by December 31, 2015, for each such site, Plaintiff shall (1) identify the maximum MTBE detection in groundwater and the date of such detection, and (2) identify by bates number the most recent report in which the detection appears. Plaintiff shall provide the information described in this paragraph on a rolling basis.

B.     Within one week from the entry of this CMO, Plaintiff shall produce to Defendants any and all readily accessible electronic data (*i.e.*, databases or other files created for the purpose of centralizing or aggregating storage of information) in their possession, custody or control, or in the possession, custody or control of any agency or department of the Commonwealth, regarding the following:

> 1.     The presence and concentration of MTBE or TBA in any public water supply wells in Pennsylvania, including, but not limited to, any detections reported in any Safe Drinking Water Information System (SDWIS) database;
>
> 2.     The presence and concentration of MTBE or TBA in any groundwater or surface waters in Pennsylvania;
>
> 3.     The presence and concentration of MTBE or TBA in any private water supply well(s) or potable spring(s) in Pennsylvania, including, but not limited to, data (if any) in the Commonwealth's possession compiled by Bucks, Chester, Delaware, Montgomery and Philadelphia Counties (and all other counties which may also compile such data);
>
> 4.     The payment of public funds for the investigation, removal, remediation, monitoring or treatment of MTBE or TBA in Pennsylvania (to the extent that data related to the payment of public funds is not maintained so as to identify MTBE and/or TBA, Plaintiff shall produce such data for reformulated gasoline or gasoline containing MTBE);
>
> 5.     The amount of public funds used to pay for the remediation, cleanup or treatment of MTBE or TBA in Pennsylvania, the locations at which such public funds were expended, and any costs, damages or injury allegedly sustained by Plaintiff as a result of the presence of MTBE or TBA in Pennsylvania (to the extent that data

Case 1:17-cv-00204-WES-PAS Document 208-2 Filed 07/24/20 Page 46 of 88 PageID #:
Case 1:00-cv-01898-SAS-DCF Document 4257 Filed 09/08/15 Page 3 of 11
2456

related to the expenditure of public funds is not maintained so as to identify MTBE and/or TBA, Plaintiff shall produce such data for reformulated gasoline or gasoline containing MTBE);

6. The concentration of gasoline constituents in groundwater at any release site identified in response to Section II.A above including, but not limited to, MTBE or TBA; and

C. To the extent not already produced, within one week of the entry of this CMO, Plaintiff shall produce readily accessible electronic data (to the extent so maintained by the Commonwealth) regarding the following:

1. The location and ownership interest, including leases, that the Commonwealth, including any agency or department thereof, has or had in any underground storage tank which stored gasoline and any terminal or refinery which was engaged in the refining, distribution, storage or sale of neat MTBE, reformulated gasoline, or gasoline containing MTBE;

2. The location and ownership interest, including leases, that the Commonwealth, including any agency or department thereof, has or had in any pipeline or delivery system (*e.g.,* railcar, barge, tanker or tank truck) engaged in the delivery of neat MTBE, reformulated gasoline, or gasoline containing MTBE for distribution or sale in Pennsylvania;

3. The identity of parties with whom the Commonwealth, including any agency or department thereof, had supply contracts to deliver gasoline containing MTBE, reformulated gasoline, or neat MTBE to Pennsylvania, including exclusive supply contracts, and contracts with delivery services, franchisees, lessees, lessors, jobbers, common carriers (including, but not limited to, pipelines), distributors, terminals, other refiners, or any other entities;

4. The locations, dates, volumes, sources and causes of any releases of gasoline containing MTBE, reformulated gasoline, or neat MTBE, by the Commonwealth, including any agency or department thereof, into soil, ground water or surface water within Pennsylvania; and

5. Any site remediation reports related to releases of MTBE, reformulated gasoline, or gasoline containing MTBE at sites that are or were owned and/or operated by the Commonwealth, including any agency or department thereof, at the time of release

3

and where such releases caused MTBE impacts to soils and/or groundwater.

D.      Production of readily accessible electronic data as described in this Section shall be made on a "rolling" or continuing basis starting no later than May 29, 2015.

E.      If any of the foregoing electronic data or files also contains data or information about chemicals or substances other than MTBE, such data or information shall be produced and not withheld or redacted.

F.      For each site that Plaintiff does or may contend is implicated in this matter, Plaintiff shall produce to Defendants all site files from the Underground Storage Tank Indemnity Fund (USTIF) on a rolling basis, as the documents are processed and reviewed for privilege, with such production completed by December 31, 2015. Defendants will not unreasonably object should a short extension be necessary to complete production due to circumstances not foreseen at the time of the CMO.

## III.    INITIAL DISCLOSURES BY DEFENDANTS

A.      By December 31, 2015, each Defendant shall identify every "release site" (by name, address and, if applicable, site identification number) where that Defendant's records and/or the records of its environmental consultant in Defendant's possession, report, indicate or show a release of MTBE or a detection of MTBE.  Defendants shall not limit their responses to information contained in readily accessible electronic data (as defined above).

B.      Within one week of the entry of this CMO, each Defendant shall produce to Plaintiff any and all readily accessible electronic data (*i.e.*, databases or other files

created for the purpose of centralizing or aggregating storage of information) in its possession, custody or control regarding the following:

1. The location and ownership interest, including leases, that responding Defendant has or had in any service station, underground storage tank system ("USTs") motor fuel terminal or refinery in Pennsylvania which was engaged in the refining, distribution, storage or sale of neat MTBE, reformulated gasoline, or gasoline containing MTBE;

2. The location and ownership interest, including leases, that responding Defendant has or had in any pipeline or delivery system (*e.g.,* railcar, barge, tanker or tank truck) engaged in the delivery of neat MTBE, reformulated gasoline, or gasoline containing MTBE for distribution or sale in Pennsylvania;

3. The identity of parties with whom the responding Defendants had supply contracts to deliver gasoline containing MTBE, reformulated gasoline, or neat MTBE to Pennsylvania, including exclusive supply contracts, and contracts with delivery services, franchisees, lessees, lessors, jobbers, common carriers (including, but not limited to, pipelines), distributors, terminals, other refiners, or any other entities;

4. The name, grade, product codes, blend information and other identifying information for gasoline containing MTBE, reformulated gasoline, or neat MTBE that was distributed by the responding Defendant in Pennsylvania;

5. The location, dates, volumes, sources and causes of any releases of gasoline containing MTBE, reformulated gasoline, or neat MTBE, by Defendant, into soil, ground water or surface water within Pennsylvania;

6. Any site remediation reports related to releases of MTBE, reformulated gasoline, or gasoline containing MTBE at sites that are or were owned and/or operated by the responding Defendants at the time of release and where such releases caused MTBE impacts to soils and/or groundwater;

7. The volumes of neat MTBE, reformulated gasoline, and gasoline containing MTBE that the responding Defendant refined, distributed, stored, blended, supplied to or sold in the Commonwealth of Pennsylvania; and

8. Lists of Pennsylvania MTBE release sites.

Case 1:17-cv-00204-WES-PAS   Document 208-2   Filed 07/24/20   Page 49 of 88 PageID #:
Case 1:00-cv-01898-SAS-DCF   Document 4237   Filed 09/08/15   Page 6 of 11
2459

C.    On June 9, 2015, Plaintiff provided Defendants with a list of sites at which
Plaintiff contends gasoline was released.   By August 30, 2015, each Defendant shall
produce to Plaintiff any and all readily accessible electronic data (*i.e.*, databases or other
files created for the purpose of centralizing or aggregating storage of information) in its
possession, custody or control regarding licensing, branding, and franchise agreements
for gasoline sales in Pennsylvania for every site (by name, address and site identification
number) within the Commonwealth at which Plaintiff contends gasoline was released.

D.    Plaintiff intends to serve subpoenas on Defendants' current or former
environmental consultants to obtain readily available electronic data concerning: (1)
concentrations of MTBE and/or BTEX in soil and groundwater at release sites, and (2)
consulting reports regarding release sites.   Plaintiff will provide Defendants with
advance notice of such subpoenas as required by Federal Rule of Civil Procedure
45(D)(4).  Upon receiving such notice, each Defendant agrees to inform the subpoenaed
consultant that it does not object to the consultant producing responsive, non-privileged
documents and expects the consultant to comply with its obligations under by Federal
Rule of Civil Procedure 45.

E.    The parties have met and conferred regarding the content of CMO
4.III.B.2 declarations as applied to the *Pennsylvania* action.   The revised CMO 4 is
incorporated herein and attached at Exhibit A.  Those Defendants who previously have
served CMO 4 declarations in an MDL 1358 case will provide initial, non-final responses
to the CMO 4 categories by November 1, 2015.  Those Defendants who are newly named
in MDL 1358 will provide initial, non-final responses to the CMO 4 categories by
December 1, 2015.    Thereafter, all Defendants will serve final, signed CMO 4

6

declarations by December 31, 2015. Defendants may supplement and/or amend information between the date of their initial responses and December 31, 2015.

## IV. ELECTRONIC LOOSE FILES

A. With respect to the readily accessible electronic data to be produced pursuant to Parts II and III of this Order, the parties need not produce Electronic Loose Files ("ELF"). This subsection shall not affect Plaintiff's obligation under Section II.A (regarding production of hyperlinked documents).

B. For purposes of this Order, ELF includes any electronic files that do not consist of files or data from systems created to centralize or aggregate storage of a party's information (*i.e.* databases). Discrete word processed documents (*e.g.* memoranda, correspondence), PDFs, images, emails and their attachments, and the like are considered ELF.

## V. OTHER DISCOVERY PERMITTED

The parties may engage in written discovery, subject to any and all appropriate objections, as to the following:

A. Non-Site-Specific Discovery on Damages Plaintiff alleges;

B. General liability;

C. Defendants' affirmative defenses; and

D. Identification of additional defendants.

## VI. FUTURE DISCOVERY

The parties shall meet and confer after December 31, 2015 to discuss:

A. The timing for completion of the production of electronic files that are not readily available pursuant to Parts II and III, and any further discovery the parties

propose, taking account of the electronic data the parties produce pursuant to sections II and III of this CMO;

      B.      Production of paper or non-electronic site remediation files; and

      C.      Methods for management of future discovery.

SO ORDERED:

DATED: New York, New York
        September 8 , 2015

      Shira A. Scheindlin
          U.S.D.J.

8

Case 1:17-cv-00204-WES-PAS Document 208-2 Filed 07/24/20 Page 52 of 88 PageID #:
2462
Case 1:00-cv-01898-SAS-DCF Document 4257 Filed 09/08/15 Page 9 of 11

**EXHIBIT A to CMO No. ___**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION**<br><br>**This document relates to:**<br><br>*Commonwealth of Pennsylvania, etc. v. Exxon Mobil Corporation, el al*, No. 1:14-cv-06228-SAS | **Master File No. 1:00-1898**<br>**MDL 1358 (SAS)**<br>**M21-88** |

### CMO 4(III)(B)(2) DECLARATIONS BY DEFENDANTS

(a)     Except as otherwise indicated below, on or before December 31, 2015, each defendant shall provide declarations, applicable to *Commonwealth of Pennsylvania, et al. v. Exxon Mobil Corporation, et al.*, 14 Civ. 6228 (from 1979-present), based upon all non-privileged information, including documents, within the possession, custody or control of a defendant and retrievable through reasonable effort. The declarations shall identify databases and categories of documents that were used to gather the information contained in the declarations. For purposes of this Order, the Relevant Geographic Area is the Commonwealth of Pennsylvania.  The declarations shall contain the following information:

      i.     defendants will identify wholesalers and jobbers supplied by them that provide gasoline containing MTBE within the Relevant Geographic Area;

      ii.    manufacturers of neat MTBE and/or TBA will disclose how and where it is made;

      iii.   manufacturers of neat MTBE and/or TBA will identify each refiner to whom it has sold or delivered neat MTBE and/or TBA, during the relevant time period, that may have been added to gasoline for delivery in the Relevant Geographic Area;

      iv.   each refiner will provide a history of ownership, during the relevant time period, including changes in corporate structure, of each refinery it owns or has owned that serve(d) the Relevant Geographical Area;

Case 1:17-cv-00204-WES-BAS Document 209-2 Filed 07/24/20 Page 53 of 88 PageID #:
Case 1:00-cv-01898-SAS-DCF Document 4251 Filed 03/08/13 Page 108 of 11
2463

## EXHIBIT A to CMO No. ___

v.    each refiner will disclose the date it first blended MTBE and/or TBA into gasoline for deliveries to terminals that supplied the Relevant Geographical Area;

vi.   each refiner shall describe the records, which include the name, contents and location of records, including electronically stored records, that record the batch number for batches of gasoline delivered from defendants' refineries to terminals in the Relevant Geographical Areas;

vii.  for each petroleum product containing MTBE refined and/or marketed by the defendant into the Relevant Geographical Area, the Defendant shall disclose the name and grade (if applicable) of the product, the product and product code;

viii. each refiner will disclose the date it last blended MTBE and/or TBA into gasoline for deliveries into the Relevant Geographical Area; and

ix.   each defendant will respond to the seven categories identified by Judge Scheindlin in her Order to Marathon Ashland Petroleum, LLC, dated June 22, 2004, and reproduced below, as that information pertains to Pennsylvania during the relevant time period.

MARATHON ASHLAND ORDER CATEGORIES

1)    all locations, by city in Pennsylvania, in which defendant directly sells or markets gasoline;

2)    all locations, by city and state, in which defendant owns or operates refineries that serve(d) the Relevant Geographic Area;

3)    all routes along which defendant owns or operates gasoline pipelines, terminals, or other distribution facilities that serve(d)/deliver(ed) gasoline to the Relevant Geographic Area; Indicate, by city and state, any and all primary origin points, secondary origin points, ending points, and breakout terminals along the routes;

4)    all routes along which defendant ships gasoline through a common carrier pipeline that serve(d)/deliver(ed) gasoline to the Relevant

**EXHIBIT A to CMO No. ___**

Geographic Area; Indicate, by city and state, any and all primary and secondary origin points where defendant inputs gasoline, and any and all ending points, breakout terminals, and off-take points where defendant takes out gasoline;

5) all locations, by city and state, in which defendant owns or operates marine tankers, barges, and tank trucks that are used to transport gasoline to the Relevant Geographic Area;

6) all waterway routes along which defendant transports gasoline within the Relevant Geographic Area; Indicate, by city and state, the origin and ending points;

7) all rail routes along which defendant transports gasoline within the Relevant Geographic Area; Indicate, by city and state, the origin points, ending points, and all delivery points along the route;

8) after selection of specific sites, the parties will confer regarding defendants' identification of all road routes along which defendant transports gasoline within the Relevant Geographic Area.

# Exhibit I

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/10/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

This document relates to:

*Orange County Water District v. Unocal Corp., et al.,*
No. 04. Civ. 4968 (SAS)

**ORDER**
**Master File No. 1:00-1898**
**MDL 1358 (SAS)**
**M21-88**

<u>CASE MANAGEMENT ORDER #</u>
(Trial Sites and Dismissed Sites)

On May 6, 2003, Plaintiff Orange County Water District ("OCWD") filed its Complaint against Defendants Unocal Corporation, individually and formerly known as Union Oil Company of California; Tosco Corporation; ConocoPhillips Company; Chevron U.S.A. Inc.; ChevronTexaco Corporation; Texaco Refining & Marketing, Inc.; Equilon Enterprises, LLC; Shell Oil Company; Exxon Mobil Corporation; Mobil Corporation; Ultramar Inc.; Valero Refining Company – California; Valero Marketing and Supply Company; Atlantic Richfield Company; BP Products North America, Inc.; Lyondell Chemical Company, individually and formerly known as Arco Chemical Company; G&M Oil Company, Inc.; 7-Eleven, Inc.; USA Gasoline Corporation; and Does 1-600 inclusive, in Orange County Superior Court, alleging that Defendants were liable for contaminating Orange County Water District's drinking water supplies with MTBE and TBA. The Complaint was subsequently amended to add Defendants and correct Defendants' names.

The case was removed to federal court and transferred to this court, where discovery and pretrial matters have been proceeding. The parties have completed all discovery related to the stations previously identified by the parties as focus plume stations. Based upon the stations

SMRH:424784472.1                                            -1-

listed on the matrix attached as Exhibit A ("Focus Plume Stations") and the stipulation of the

parties attached as Exhibit B ("Stipulation"), this Case Management Order identifies the stations

and Defendants at each station against whom OCWD will assert causes of action at the focus

plume trial and the causes of action that will be asserted. Defendants do not stipulate to the

validity and/or viability of any claims or as to any station names referenced in Exhibit A.

Plaintiff does not stipulate to any lack of validity of its claims at stations or against defendants

dropped from the matrix.

After considering the foregoing, the revised Focus Plume Station matrix attached hereto

as Exhibit A, the Stipulation as to Defendants' ownership, operation, and/or gasoline supply

relationships with the Focus Plume Stations attached hereto as Exhibit B and the arguments of

counsel, it is hereby **ORDERED** that:

Plaintiff may assert claims at the Focus Plume Stations only against the Defendant(s)

identified for each station in the Focus Plume Station matrix attached hereto as Exhibit A and

only for the causes of action identified at each station in the Focus Plume Station matrix. The

Focus Plume Station matrix may be modified to delete stations and/or Defendants as to each

station, but cannot be revised to add stations and/or Defendants to a station at which they are not

currently listed. Claims with regard to "focus plume" stations previously identified on the

April 14, 2014, matrix in this case but not identified on Exhibit A and claims against defendants

at Focus Plume Stations where the defendant is not identified in the station matrix attached

hereto as Exhibit A are dismissed with prejudice. This Order does not address or apply to claims

that were the subject of the Court's November 16, 2009, Opinion and Order on the statute of

limitations. This Order does not address or apply to claims at any stations other than the Focus

Plume Stations listed on Exhibit A and focus plume stations previously identified on the

April 14, 2014, matrix in this case.

The Stipulation may be read to a jury to the extent indicated in Exhibit B.

SO ORDERED:

The Honorable Shira A. Scheindlin

6/10/14

**EXHIBIT A**


# Orange County Water District v. Unocal Corp., et al.
## Service Station Matrix

# EXHIBIT A
### *Orange County Water District v. Unocal Corp., et al.*
## Service Station Matrix

| Plume # | Station Name & Address | Causes of Action | Defendant(s) |
|---------|------------------------|------------------|--------------|
| 1 | Arco #1887<br>16742 Beach Boulevard, Huntington Beach | Nuisance<br>OCWD Act<br>Declaratory Relief | B.P.<br>Lyondell<br>Tesoro<br>Valero Defendants[1] |
| 1 | G&M #4<br>16990 Beach Boulevard, Huntington Beach | Nuisance<br>OCWD Act<br>Declaratory Relief | Chevron U.S.A. Inc.<br>G&M Oil<br>Lyondell<br>Tesoro<br>Valero Defendants |
| 1 | Texaco #8520/Texaco #121608<br>8520 Warner Avenue, Fountain Valley | Nuisance<br>OCWD Act<br>Declaratory Relief | Texaco<br>Equilon<br>Lyondell<br>Tesoro<br>Valero Defendants |
| 1 | Unocal #5376<br>8971 Warner Avenue, Huntington Beach | Nuisance<br>OCWD Act<br>Declaratory Relief | Union Oil<br>Lyondell<br>Tesoro<br>Valero Defendants |

[1] Valero Defendants include Valero Marketing and Supply, Inc., Valero Refining Company–California, and Ultramar, Inc.

# EXHIBIT A
### *Orange County Water District v. Unocal Corp., et al.*
**Service Station Matrix**

| Plume # | Station Name & Address | Causes of Action | Defendant(s) |
|---|---|---|---|
| 1 | Exxon #4283/Chevron #208552<br>8980 Warner Avenue, Fountain Valley | Strict Products<br>Negligence<br>Nuisance<br>OCWD Act<br>Declaratory Relief | Exxon Mobil Corporation<br>(Nuisance, OCWD Act and<br>Declaratory Relief only)<br>Chevron U.S.A. Inc.<br>Lyondell<br>Valero Defendants |
| 1 | Mobil #18-G6B<br>9024 Warner Avenue, Fountain Valley | Nuisance<br>OCWD Act<br>Declaratory Relief | ExxonMobil Oil Corporation<br>Lyondell<br>Valero Defendants |
| 1 | Texaco #121681<br>9475 Warner Avenue, Fountain Valley | Nuisance<br>OCWD Act<br>Declaratory Relief | Texaco<br>Equilon<br>Lyondell<br>Tesoro<br>Valero Defendants |
| 1 | Unocal #5399<br>9525 Warner Avenue, Fountain Valley | Nuisance<br>OCWD Act<br>Declaratory Relief | Union Oil<br>Lyondell<br>Tesoro<br>Valero Defendants |
| 2 | Mobil #18-HDR<br>3195 Harbor Boulevard, Costa Mesa | Nuisance<br>OCWD Act<br>Declaratory Relief | ExxonMobil Oil Corporation<br>Lyondell<br>Valero Defendants |

# EXHIBIT A
### *Orange County Water District v. Unocal Corp., et al.*
**Service Station Matrix**

| Plume # | Station Name & Address | Causes of Action | Defendant(s) |
|---|---|---|---|
| 2 | Arco #6131<br>3201 Harbor Boulevard, Costa Mesa | Strict Liability<br>Negligence<br>Nuisance<br>OCWD Act<br>Declaratory Relief | B.P.<br>Lyondell<br>Tesoro<br>Valero Defendants |
| 2 | Mobil #18-JMY<br>3470 Fairview Road, Costa Mesa | Nuisance<br>OCWD Act<br>Declaratory Relief | ExxonMobil Oil Corporation<br>Lyondell<br>Valero Defendants |
| 3 | Arco #1912<br>18480 Brookhurst Street, Fountain Valley | Nuisance<br>OCWD Act<br>Declaratory Relief | B.P.<br>Lyondell<br>Tesoro<br>Valero Defendants |
| 3 | Thrifty #383<br>18520 Brookhurst Street, Fountain Valley | Nuisance<br>OCWD Act<br>Declaratory Relief<br>Strict Liability<br>Negligence | B.P.<br>Lyondell<br>Tesoro<br>Valero Defendants |
| 3 | Arco #1905<br>18025 Magnolia Street, Fountain Valley | Nuisance<br>OCWD Act<br>Declaratory Relief | B.P.<br>Lyondell<br>Tesoro<br>Valero Defendants |

# EXHIBIT A

## *Orange County Water District v. Unocal Corp., et al.*
### Service Station Matrix

| Plume # | Station Name & Address | Causes of Action | Defendant(s) |
|---------|------------------------|------------------|--------------|
| 3 | Beacon Bay Car Wash FV<br>10035 Ellis Avenue, Fountain Valley | Strict Liability<br>Negligence<br>Nuisance<br>OCWD Act<br>Declaratory Relief | Union Oil (Nuisance, OCWD Act and Declaratory Relief only)<br>Texaco<br>Equilon<br>Lyondell<br>Valero Defendants |
| 8 | Mobil #18-HEP<br>2921 South Bristol Street, Santa Ana | Strict Liability<br>Negligence<br>Nuisance<br>OCWD Act<br>Declaratory Relief | ExxonMobil Oil Corporation<br>Lyondell<br>Valero Defendants |
| 8 | G&M #24<br>3301 Bristol Street, Santa Ana | Nuisance<br>OCWD Act<br>Declaratory Relief | Texaco<br>Chevron U.S.A. Inc.<br>G&M Oil<br>Lyondell<br>Tesoro<br>Valero Defendants |
| 8 | Arco #3085<br>3361 South Bristol Street, Santa Ana | Nuisance<br>OCWD Act<br>Declaratory Relief | B.P.<br>Lyondell<br>Tesoro<br>Valero Defendants |

# EXHIBIT A

***Orange County Water District v. Unocal Corp., et al.***

**Service Station Matrix**

| Plume # | Station Name & Address | Causes of Action | Defendant(s) |
|---|---|---|---|
| 8 | Chevron #1921<br>3801 South Bristol Street, Santa Ana | Strict Liability<br>Negligence<br>Nuisance<br>OCWD Act<br>Declaratory Relief | Chevron U.S.A. Inc.<br>Lyondell<br>Tesoro<br>Valero Defendants |
| 8 | Beacon Bay Car Wash SA<br>1501 West MacArthur Boulevard, Santa Ana | Strict Liability<br>Negligence<br>Nuisance<br>OCWD Act<br>Declaratory Relief | Union Oil (Nuisance, OCWD Act and Declaratory Relief only)<br>Texaco<br>Equilon<br>Lyondell |
| 9 | Huntington Beach Arco<br>6002 Bolsa Avenue, Huntington Beach | Nuisance<br>OCWD Act<br>Declaratory Relief | Texaco<br>B.P.<br>Lyondell<br>Tesoro<br>Valero Defendants |
| 9 | Unocal #5123<br>14972 Springdale Street, Huntington Beach | Nuisance<br>OCWD Act<br>Declaratory Relief | Union Oil<br>Lyondell<br>Tesoro<br>Valero Defendants |
| 9 | Westminster Shell<br>5981 Westminster Avenue, Westminster | Nuisance<br>OCWD Act<br>Declaratory Relief | Shell<br>Equilon<br>Lyondell<br>Tesoro<br>Valero Defendants |

# EXHIBIT A

### *Orange County Water District v. Unocal Corp., et al.*
**Service Station Matrix**

| Plume # | Station Name & Address | Causes of Action | Defendant(s) |
|---|---|---|---|
| 9 | Chevron #9-5401<br>5992 Westminster Boulevard, Westminster | Strict Liability<br>Negligence<br>Nuisance<br>OCWD Act<br>Declaratory Relief | Chevron U.S.A. Inc.<br>Lyondell<br>Tesoro<br>Valero Defendants |
| 9 | Thrifty #368<br>6311 Westminster Boulevard, Westminster | Strict Liability<br>Negligence<br>Nuisance<br>OCWD Act<br>Declaratory Relief | B.P.<br>Lyondell<br>Tesoro<br>Valero Defendants |
| 9 | Unocal #5226<br>6322 Westminster Avenue, Westminster | Nuisance<br>OCWD Act<br>Declaratory Relief | Union Oil<br>ConocoPhillips Defendants[2]<br>Lyondell<br>Tesoro<br>Valero Defendants |
| 30 | Unocal #5792/ConocoPhillips #5792<br>4002 Ball Road, Cypress | Nuisance<br>OCWD Act<br>Declaratory Relief | Union Oil<br>ConocoPhillips Defendants<br>Lyondell<br>Tesoro<br>Valero Defendants |

---

[2] ConocoPhillips Defendants include ConocoPhillips Company and Tosco.

-10-

# EXHIBIT A

### *Orange County Water District v. Unocal Corp., et al.*
**Service Station Matrix**

| Plume # | Station Name & Address | Causes of Action | Defendant(s) |
|---------|------------------------|------------------|--------------|
| 63 | Arco #6036<br>13142 Goldenwest Street, Westminister | Nuisance<br>OCWD Act<br>Declaratory Relief | B.P.<br>Lyondell<br>Tesoro<br>Valero Defendants |
| 72 | Chevron #9-5568<br>12541 Seal Beach Boulevard, Seal Beach | Strict Liability<br>Negligence<br>Nuisance<br>OCWD Act<br>Declaratory Relief | Chevron U.S.A. Inc.<br>Lyondell<br>Tesoro<br>Valero Defendants |
| 92 | Mobil #18-668<br>16230 Harbor Boulevard, Fountain Valley | Nuisance<br>OCWD Act<br>Declaratory Relief | ExxonMobil Oil Corporation<br>Lyondell<br>Valero Defendants |
| 127 | World Oil #39<br>3450 West Ball Road, Anaheim | Strict Liability<br>Negligence<br>Nuisance<br>OCWD Act<br>Declaratory Relief | B.P.<br>Exxon (Nuisance, OWCD Act and Declaratory Relief only)<br>Lyondell<br>Valero Defendants |

## EXHIBIT B

## THIS SECTION IS NOT TO BE READ TO OR PROVIDED TO THE JURY

OCWD alleges claims on a joint and several basis at each of the stations listed on Exhibit A.  To streamline the case for dispositive motions and trial, each individual Defendant listed below makes the following stipulations as to certain Focus Plume Stations, including stipulations with respect to supply of MTBE gasoline to those stations.  By entering into this stipulation, Defendants do not stipulate to the validity of any claims.  By entering into this stipulation, Plaintiff does not stipulate to the validity of any defenses.

The parties agree and stipulate that nothing in this stipulation shall be construed as a waiver of OCWD's right to challenge on appeal the Court's November 16, 2009, Opinion and Order on the statute of limitations with respect to any and all stations and defendants that were the subject of that Opinion and Order.  If the Court's November 16, 2009, Opinion and Order on the statute of limitations is overturned on appeal, the parties further agree and stipulate that nothing in this stipulation shall be construed as a waiver of OCWD's right to pursue negligence, strict liability and permanent nuisance claims with respect to all stations that were the subject of the Opinion and Order against those Defendants named at each such station in Exhibit A.  The parties further agree and stipulate that nothing in this stipulation applies to, nor shall the stipulation be construed to apply to, claims at any stations other than the Focus Plume Stations as set forth below or previously listed "focus plume" stations not on Exhibit A.

Defendants dispute and deny the claims asserted at all stations.   Plaintiff disputes and denies the defenses asserted at all stations. Notwithstanding that a Defendant has agreed, for purposes of this stipulation, that it will not argue that other Defendants' MTBE gasoline was supplied to a particular station during the period that Defendant supplied the station, all

Defendants reserve the right to seek contribution and/or indemnity from any other person (including any Defendant).

**THIS SECTION MAY BE READ TO THE JURY**

In order to streamline the case for trial, each individual Defendant listed below makes the following stipulations.  Defendants dispute and deny the claims asserted at all stations and, by entering into this stipulation, do not stipulate to the validity of any claims.  Plaintiff disputes and denies the defenses asserted at all stations and, by entering into this stipulation, does not stipulate to the validity of any defenses.  This stipulation does not affect any claims by Plaintiff against any party who has not signed this stipulation who directly or indirectly supplied gasoline and/or MTBE to a Defendant who did sign this stipulation or that Defendant's predecessor corporations.

***Chevron U.S.A. Inc. ("CUSA")***

1.    ***Chevron #9-1921—3801 S. Bristol Street, Santa Ana***.  CUSA owned Chevron #9-1921, including underground storage tanks (USTs), from 1986 until after December 31, 2003.  Any MTBE gasoline delivered to Chevron #9-1921 between 1986 and September 19, 1995, was supplied by CUSA.  Not all gasoline supplied during this time period, however, contained MTBE.  All gasoline delivered to Chevron #9-1921 between September 20, 1995, and January 14, 2003, contained MTBE and was supplied by CUSA.  Chevron branded gasoline was sold at Chevron #9-1921 during the entire relevant time period.

2.    ***Chevron #9-5401—5992 Westminster Boulevard, Westminster***.  CUSA owned Chevron #9-5401, including USTs, from 1986 until January 7, 2002.  Any MTBE gasoline delivered to Chevron #9-5401 between 1986 and September 17, 1995, was supplied by CUSA.  Not all gasoline supplied during this time period, however, contained MTBE.  All gasoline delivered to Chevron #9-5401 between September 18, 1995, and January 14, 2002, contained

MTBE and was supplied by CUSA.  Chevron branded gasoline was sold at Chevron #9-5401 during the entire relevant time period.

3.  ***Chevron #9-5568—12541 Seal Beach Boulevard, Seal Beach***.  CUSA owned Chevron #9-5568, including USTs, from 1986 through December 31, 2003.  Any MTBE gasoline delivered to Chevron #9-5568 between 1986 and September 18, 1995, was supplied by CUSA.  Not all gasoline supplied during this time period, however, contained MTBE. All gasoline delivered to Chevron #9-5568 between September 19, 1995, and December 31, 2002, contained MTBE and was supplied by CUSA.  Chevron branded gasoline was sold at Chevron #9-5568 during the entire relevant time period.

4.  ***G&M # 4—16990 Beach Boulevard, Huntington Beach***.  Any MTBE gasoline delivered to G&M #4 between December 1, 1991, and September 18, 1995, was supplied by CUSA.  Not all gasoline supplied during this time period, however, contained MTBE.  All gasoline delivered to G&M #4 between September 19, 1995, and December 29, 2002, contained MTBE and was supplied by CUSA. Chevron branded gasoline was sold at G&M #4 during the entire time period between December 1, 1991, and December 29, 2002.

5.  ***Chevron #208554—8980 Warner Avenue, Fountain Valley***.  All gasoline delivered to Chevron #208554 between June 22, 1999, and December 31, 2002, contained MTBE and was supplied by CUSA.  Chevron branded gasoline was sold at Chevron #208554 during the entire time period between June 22, 1999, and December 31, 2002.

6.  ***G&M #24—3301 Bristol Street, Santa Ana***.  All gasoline delivered to G&M #24 between April 4, 1997, and December 31, 2002, contained MTBE and was supplied by CUSA. Chevron branded gasoline was sold at G&M #24 during the entire time period between April 4, 1997, and December 31, 2002.

7.  CUSA makes the stipulations in Paragraphs 1-6 based on its agreement with OCWD that OCWD will not associate CUSA with the following service stations on OCWD's Station Matrix:  Arco #1887; Texaco #8520/Texaco #121608; Shell #204359403; Unocal #5376; Mobil #18-G6B; Unocal #5399; Texaco #121681; Mobil #18-HDR; Arco #6131; Mobil #18-

JMY; Arco #1912; Arco #1905; Beacon Bay Car Wash Fountain Valley; Mobil #18-HEP; Arco #3085; Beacon Bay Car Wash Santa Ana; Unocal #5123; Huntington Beach Arco; Shell #6502; Westminster Shell; Unocal #5226; Unocal #5792; Arco #6036; Thrifty #383; Thrifty #368; World Oil #39; and Mobil #18-668.

### _Union Oil Company of California ("Union Oil")_

1. ***Unocal #5376—8971 Warner Avenue, Huntington Beach***.  Union Oil owned Unocal #5376, including the USTs, from 1986 until 1998, although the station was closed in March 1992 and the USTs were removed in January 1993.  Any MTBE gasoline delivered to Unocal #5376 between 1986 and February 18, 1992, was supplied by Union Oil.  Not all gasoline supplied during this time period, however, contained MTBE.  Union Oil branded gasoline was sold at Unocal #5376 during the entire time period between 1986 and February 18, 1992.

2. ***Unocal #5399—9525 Warner Avenue, Fountain Valley***.  Union Oil owned Unocal #5399, including the USTs, from 1986 until 1998, although the station was closed in March 1993 and the USTs were removed in January 1994.  Any MTBE gasoline delivered to Unocal #5399 between 1986 and April 1, 1993, was supplied by Union Oil.  Not all gasoline supplied during this time period, however, contained MTBE.  Union Oil branded gasoline was sold at Unocal #5399 during the entire time period between 1986 and April 1, 1993.

3. ***Beacon Bay Car Wash FV—10035 Ellis Avenue, Fountain Valley***.  Any MTBE gasoline delivered to Beacon Bay Car Wash FV between 1986 and August 24, 1994, was supplied by Union Oil.   Not all gasoline supplied during this time period, however, contained MTBE.

4. ***Beacon Bay Car Wash SA—1501 West MacArthur Boulevard, Santa Ana***.  Any MTBE gasoline delivered to Beacon Bay Car Wash SA between 1986 and August 23, 1994, was supplied by Union Oil.  Not all gasoline supplied during this time period, however, contained MTBE.

 *5.*      ***Unocal #5123—14972 Springdale, Huntington Beach***.  Union Oil owned Unocal #5123, including USTs, from 1986 until the station was demolished in 1994.  Any MTBE gasoline delivered to Unocal #5123 between 1986 and September 30, 1994, was supplied by Union Oil.   Not all gasoline supplied during this time period, however, contained MTBE.  Union Oil branded gasoline was sold at Unocal #5123 during the entire time period between 1986 and September 30, 1994.

 *6.*      ***Unocal #5226—6322 Westminster Avenue, Westminster***.  Union Oil owned Unocal #5226, including USTs, from 1986 until March 1997, when Unocal #5226 was sold to Tosco.  Any MTBE gasoline delivered to Unocal #5226 between 1986 and April 1, 1993, was supplied by Union Oil.  Not all gasoline supplied during this time period, however, contained MTBE.  Union Oil branded gasoline was sold at Unocal #5226 during the entire time period between 1986 and April 1, 1993.

 *7.*      ***Unocal #5792—4002 Ball Road, Cypress***.  Union Oil leased this station from 1986 until March, 1997, when Unocal #5792 was sold to Tosco.  Any MTBE gasoline delivered to Unocal #5792 between 1986 and September 20, 1995, was supplied by Union Oil.  Not all gasoline supplied during this time period, however, contained MTBE.  All gasoline delivered to Unocal #5792 between September 20, 1995, and March 1997 contained MTBE and was supplied by Union Oil.  Union Oil branded gasoline was sold at Unocal #5792 during the entire time period between 1986 and April 1, 1997.

 *8.*      Union Oil makes the stipulations in Paragraphs 1-7  based on its agreement with OCWD that OCWD will not associate Union Oil with the following service stations on OCWD's Station Matrix:  Arco #1887; G&M #4; Texaco #8520/Texaco #121608; Shell #204359403; Exxon #4283/Chevron #208554; Mobil #18-G6B; Texaco #121681; Mobil #18-HDR; Arco #6131; Mobil #18-JMY; Arco #1912; Thrifty #383; Arco #1905; Mobil #18-HEP; G&M #24; Arco #3085; Chevron #1921; Huntington Beach Arco; Shell #6502; Westminster Shell; Chevron #9-5401; Thrifty #368; Arco #6036; Chevron #9-5568; World Oil #39; and Mobil #18-668.

**_Texaco Refining and Marketing Inc. ("Texaco")_**

1.      **_Texaco #8520/#121608 - 8520 Warner Avenue, Fountain Valley_**.  Between October 1986 and December 2003, one of the Shell Defendants owned the USTs and real property at this site.  Texaco leased Texaco #8520 to a dealer from before 1986 until 1998.  Any MTBE gasoline delivered to this station between 1986 and September 20, 1995, was supplied by Texaco.  Not all gasoline supplied during this time period, however, contained MTBE.  All gasoline delivered to Texaco #8520/#121608 between September 20, 1995, and 1998 contained MTBE and was supplied by Texaco.  Beginning in 1998 until December 2003, Equilon Enterprises LLC leased Texaco #8520/#121608 to a dealer.  All gasoline delivered to Texaco #8520/#121608 between 1998 and 2002 contained MTBE and was supplied by Equilon.  Texaco-branded gasoline was sold at this station from 1986 through approximately 2002.  The station became Shell-branded in approximately 2002.

2.      **_Texaco #121681 - 9475 Warner Avenue, Fountain Valley_**. Texaco leased Texaco #121681 to a dealer from before 1986 until 1998.  Between 1989 and December 2002, Shell Defendants owned the USTs at this site.  Any MTBE gasoline delivered to this station between 1986 and September 20, 1995, was supplied by Texaco.  Not all gasoline supplied during this time period, however, contained MTBE.  All gasoline delivered to Texaco #121681 between September 20, 1995, and 1998 contained MTBE and was supplied by Texaco. Texaco-branded gasoline was sold at this station from 1986 through approximately 2002.  Beginning in 1998 and until December 2002, Equilon Enterprises LLC leased Texaco #121681 to a dealer.  All gasoline delivered to Texaco #121681 between 1998 and December 2002 contained MTBE and was supplied by Equilon.  Shell branded gasoline was sold at this station during 2002.  The station closed in December 2002.

-17-

3.      *Beacon Bay Car Wash, Fountain Valley - 10035 Ellis Avenue, Fountain Valley*. Any MTBE gasoline delivered to Beacon Bay Fountain Valley between 1994 and September 20, 1995, was supplied by Texaco.  Not all gasoline supplied during this time period, however, contained MTBE.  All gasoline delivered to Beacon Bay Car Wash Fountain Valley between September 20, 1995, and 1998 contained MTBE and was supplied by Texaco.   All gasoline delivered to Beacon Bay Fountain Valley between 1998 and 2001 contained MTBE and was supplied by Equilon Enterprises LLC.  Texaco branded gasoline was sold at the Beacon Bay Fountain Valley station from 1994-2001.

4.      *Beacon Bay Car Wash Santa Ana - 1501 West MacArthur Blvd., Santa Ana*. Any MTBE gasoline delivered to Beacon Bay Santa Ana between May 1, 1994, and September 20, 1995, was supplied by Texaco.  Not all gasoline supplied during this time period, however, contained MTBE.  All gasoline delivered to Beacon Bay Car Wash Santa Ana between September 20, 1995, and 1998 contained MTBE and was supplied by Texaco.  All gasoline delivered to Beacon Bay Car Wash Santa Ana between 1998 and 2001 contained MTBE and was supplied by Equilon Enterprises LLC.  Texaco branded gasoline was sold at the Beacon Bay Santa Ana station from 1994-2001.

5.      *Huntington Beach Arco - 6002 Bolsa Avenue, Huntington Beach*.  If any MTBE gasoline was delivered to Huntington Beach Arco between 1989 and April 1990, it was supplied by Texaco.  Not all gasoline supplied during this time period, however, contained MTBE.  Texaco branded gasoline was sold at the station from June 1, 1987 through April 1990.

6.      *G&M #24 - 3301 Bristol Street, Santa Ana*.  Any MTBE gasoline delivered to G&M #24 between December 15, 1991, and 1994, was supplied by Texaco.  Not all gasoline supplied during this time period, however, contained MTBE.

7.      Texaco makes the stipulations in Paragraphs 1-6 based on its agreement with OCWD that OCWD will not make claims against Texaco with respect to the following service stations on OCWD's Station Matrix:  Arco #1887; G&M #4; former Shell #204359403; Unocal #5376; Exxon #4283/Chevron #208552; Mobil #18-G6B; Unocal #5399; Mobil #18-HDR; Arco #6131; Mobil #18-JMY; Arco #1912; Arco #1905; Mobil #18-HEP; Arco #3085; Chevron #9-1921; Shell #6502; Unocal #5123; Westminster Shell; Chevron #9-5401; Unocal #5226; Unocal #5792; Arco #6036; Chevron #9-5568; Thrifty #383; Thrifty #368; World Oil #39; and Mobil #18-668.

### *Shell Oil Company ("Shell")*

1.      ***Westminster Shell – 5981 Westminster Avenue, Westminster***.  Shell Defendants leased the Westminster Shell to a dealer from 1991 through 1998.  Shell Defendants owned USTs at this site from 1986 to December 2001.  Any MTBE gasoline delivered to Westminster Shell between 1991 and September 20, 1995, was supplied by Shell Defendants.  Not all gasoline supplied during this time period, however, contained MTBE.  All gasoline delivered to Westminster Shell between September 20, 1995, and 1998 contained MTBE and was supplied by Shell.

2.      Shell makes the stipulations in Paragraph 1 based on its agreement with OCWD that OCWD will not make claims against Shell with respect to the following service stations on OCWD's Station Matrix: Arco #1887; G&M #4; former Shell #204359403; Texaco #8520/#121608; Unocal #5376; Exxon #4283/Chevron #208552; Mobil #18-G6B; Texaco #121681; Unocal #5399; Mobil #18-HDR; Arco #6131; Mobil #18-JMY; Arco #1912; Arco #1905; Beacon Bay Fountain Valley; Mobil #18-HEP; G&M #24; Arco #3085; Chevron #9-

1921; Beacon Bay Santa Ana; Huntington Beach Arco; Unocal #5123; Chevron #9-5401; Unocal #5226; Unocal #5792; Arco #6036; Chevron #9-5568; Thrifty #383; Thrifty #368; World Oil #39; and Mobil #18-668.

### Equilon Enterprises LLC ("Equilon")

1.      *Texaco #8520/#121608 - 8520 Warner Avenue, Fountain Valley*.  Beginning in 1998, Equilon Enterprises LLC leased Texaco #8520 to a dealer.  All gasoline delivered to Texaco #8520/#121608 between 1998 and December 2002 contained MTBE and was supplied by Equilon Enterprises LLC.

2.      *Texaco #121681 - 9475 Warner Avenue, Fountain Valley*. Beginning in 1998, Equilon Enterprises LLC leased Texaco #121681 to a dealer.  All gasoline delivered to Texaco #121681 between 1998 and December 2002 contained MTBE and was supplied by Equilon Enterprises LLC.  Shell branded gasoline was sold at this station during 2002.  The station closed in December 2002.

3.      *Beacon Bay Car Wash, Fountain Valley - 10035 Ellis Avenue, Fountain Valley*. All gasoline delivered to Beacon Bay Car Wash between 1998 and 2001 contained MTBE and was supplied by Equilon Enterprises LLC.

4.      *Beacon Bay Car Wash Santa Ana - 1501 West MacArthur Blvd., Santa Ana*. All gasoline delivered to Beacon Bay Car Wash Santa Ana between 1998 and 2001 contained MTBE and was supplied by Equilon Enterprises LLC.

5.      *Westminster Shell – 5981 Westminster Avenue, Westminster*.  Beginning in 1998 through 2001, Equilon Enterprises LLC leased the Westminster Shell to a dealer.  All gasoline delivered to Westminster Shell between 1998 and 2001 contained MTBE and was

-20-

supplied by Equilon Enterprises LLC.  Equilon did not operate the Westminster Shell.  The station closed in 2001.   Shell branded gasoline was sold at the station from 1991 through 2001.

      **6.**     Equilon makes the stipulations in Paragraphs 1-5 based on its agreement with OCWD that OCWD will not make claims against Equilon with respect to the following service stations on OCWD's Station Matrix:  Arco #1887; G&M #4; former Shell #204359403; Unocal #5376; Exxon #4283/Chevron #208552; Mobil #18-G6B; Unocal #5399; Mobil #18-HDR; Arco #6131; Mobil #18-JMY; Arco #1912; Arco #1905; Mobil #18-HEP; G&M #24; Arco #3085; Chevron #9-1921; Huntington Beach Arco; Unocal #5123; Chevron #9-5401; Unocal #5226; Unocal #5792; Arco #6036; Chevron #9-5568; Thrifty #383; Thrifty #368; World Oil #39; and Mobil #18-668.

### *Exxon Mobil Corporation*

      *1.*     *Exxon #4283—8980 Warner Ave., Fountain Valley*.  Exxon Corporation owned the property from at least 1987 until June 1996 and owned the USTs at the station from 1987 until 1992.  The station was permanently closed in July 1992 and the USTs were removed in September 1992.  From July 1990 through December 1990, the only gasoline supplied to this station that may have contained MTBE was Exxon Extra Unleaded.  However, not all Exxon Extra Unleaded gasoline contained MTBE.  Exxon branded gasoline was sold at the station and supplied by Exxon Corporation from 1987 through station closure in July 1992.

      *2.*     *World Oil #39—3450 West Ball Road, Anaheim.*  Beginning no earlier than July 1, 1997, and ending May 14, 2000, all gasoline delivered to World Oil #39 contained MTBE and was supplied by Exxon.  Exxon branded gasoline was sold at this station during this period.

      *3.*     Exxon Mobil Corporation makes the stipulations in Paragraphs 1-2 based on its agreement with OCWD that OCWD will not associate Exxon Mobil Corporation/Exxon

Corporation with the following service stations on OCWD's Second Revised Service Station Matrix: Arco #1887, G&M #4, Shell #204359403, Texaco #8520/Texaco #121608, Unocal #5376, Texaco #121681, Unocal #5399, Arco #6131, Arco #1912, Thrifty #383, Arco #1905, Beacon Bay Car Wash FY, G&M #24, Arco #3085, Chevron #1921, Beacon Bay Car Wash SA, Huntington Beach Arco, Shell #6502, Unocal #5123, Westminster Shell, Chevron #9-5401, Thrifty #368, Unocal #5226, Unocal #5792/ConocoPhillips #5792, Arco #6036, Chevron #9-5568, Mobil 18-G6B, Mobil #18-JMY, Mobil #18-HDR, Mobil #18-HEP, Mobil #18-668, and USA #141.

### *ExxonMobil Oil Corporation*

1.      *Mobil #18-G6B—9024 Warner Ave., Fountain Valley.*   Mobil Oil Corporation (now known as ExxonMobil Oil Corporation) owned the property at 9024 Warner Ave., including USTs, from at least 1986 to December 2003. Mobil leased the station to operators during this time.  Any MTBE gasoline delivered to the station from October 30, 1992, to September 30, 1995, was supplied by Mobil Oil Corporation/ExxonMobil Oil Corporation.  Not all gasoline supplied during this time period, however, contained MTBE.  All gasoline delivered to Mobil #18-G6B between October 1, 1995, and January 9, 2003, contained MTBE and was supplied by Mobil Oil Corporation/ExxonMobil Oil Corporation.  Mobil-branded gasoline was sold at the station throughout the relevant time-period.

2.      *Mobil #18-HDR—3195 Harbor Blvd., Costa Mesa.*  Mobil Oil Corporation leased the property at 3195 Harbor Blvd., from at least 1986 to December 2003.  Mobil owned the USTs at this station during this time.  Mobil in turn leased the station to operators during this time.  Any MTBE gasoline delivered to the station from October 29, 1992, to September 30, 1995, was supplied by Mobil Oil Corporation/ExxonMobil Oil Corporation.  Not all gasoline

supplied during this time period, however, contained MTBE.  All gasoline delivered to Mobil #18-HDR between October 1, 1995, and January 20, 2003, contained MTBE and was supplied by Mobil Oil Corporation/ExxonMobil Oil Corporation.  Mobil-branded gasoline was sold at the station throughout the relevant time-period.

3.  *Mobil #18-JMY—3470 Fairview Rd., Costa Mesa.*  Mobil Oil Corporation leased the property at 3470 Fairview Rd. from 1986 through at least December 2003, and owned the USTs at this station from 1988 through at least December 2003.  Mobil operated the station from 1988 until at least December 2003.  Any MTBE gasoline delivered to the station from October 29, 1992, to September 30, 1995, was supplied by Mobil Oil Corporation/ExxonMobil Oil Corporation.  Not all gasoline supplied during this time period, however, contained MTBE.  All gasoline delivered to Mobil #18-JMY between October 1, 1995, and January 8, 2003, contained MTBE and was supplied by Mobil Oil Corporation/ExxonMobil Oil Corporation.  Mobil-branded gasoline was sold at the station from at least 1988 until at least December 2003.

4.  *Mobil #18-HEP—2921 S. Bristol Ave., Santa Ana.*  Mobil Oil Corporation leased the property at 2921 S. Bristol from 1968 until 1998, and owned USTs at the station from 1982 until 1998.  Mobil leased the station to an operator during this time.  Any MTBE gasoline delivered to the station from November 1, 1992, to September 30, 1995, was supplied by Mobil Oil Corporation/ ExxonMobil Oil Corporation.  Not all gasoline supplied during this time period, however, contained MTBE.  All gasoline delivered to Mobil #18-HEP between October 1, 1995, and August 31, 1998, contained MTBE and was supplied by Mobil Oil Corporation/ExxonMobil Oil Corporation.  From before 1986 until 1998, Mobil-branded gasoline was sold at the station.

5.  *Mobil #18-668—16230 Harbor Blvd., Santa Ana.*  Mobil Oil Corporation leased and operated the property at 16230 Harbor Blvd. from 1984 until 1993, and owned the USTs at

the station from 1984 through at least December 2003.  From 1993 through the end of the relevant time period, Mobil leased operation of the station to a third party.  Any MTBE gasoline delivered to the station from November 1, 1992, to September 30, 1995, was supplied by Mobil Oil Corporation/ExxonMobil Oil Corporation.  Not all gasoline supplied during this time period, however, contained MTBE.  All gasoline delivered to Mobil #18-668 between October 1, 1995, and January 19, 2003, contained MTBE and was supplied by Mobil Oil Corporation/ExxonMobil Oil Corporation.  Mobil-branded gasoline was sold at the station throughout the relevant time-period.

6.     Mobil makes the stipulations in Paragraphs 1-5 based on its agreement with OCWD that OCWD will not associate Mobil with the following service stations on OCWD's Second Revised Service Station Matrix: Arco #1887, G&M #4, Shell #204359403, Texaco #8520/Texaco #121608, Unocal #5376, Texaco #121681, Unocal #5399, Arco #6131, Arco #1912, Thrifty #383, Arco #1905, Beacon Bay Car Wash FY, G&M #24, Arco #3085, Chevron #1921, Beacon Bay Car Wash SA, Huntington Beach Arco, Shell #6502, Unocal #5123, Westminster Shell, Chevron #9-5401, Thrifty #368, Unocal #5226, Unocal #5792/ConocoPhillips #5792, Arco #6036, Chevron #9-5568, Exxon #4283, World Oil #39, and USA #141.

### ConocoPhillips Company, individually and as successor-in-interest to Tosco Corporation and Phillips Petroleum Company ("ConocoPhillips")

1. ***Unocal #5226—6322 Westminster Avenue, Westminster***.  ConocoPhillips owned Unocal #5226, including USTs, from April 1, 1997, through the end of the relevant time period (December 31, 2003).   All gasoline delivered to Unocal #5226 between April 1, 1997, and December 17, 2000, contained MTBE and was supplied by ConocoPhillips.

2. ***Unocal #5792—4002 Ball Road, Cypress***.  ConocoPhillips owned Unocal #5792, including USTs, from April 1, 1997, through the end of the relevant time period (December 31, 2003).   All gasoline delivered to Unocal #5792 between April 1, 1997,  and December 13, 2000, contained MTBE and was supplied by ConocoPhillips.

3. ConocoPhillips makes the stipulations in Paragraphs 1-2 above based on its agreement with OCWD that OCWD will not associate ConocoPhillips with the following service stations on OCWD's Station Matrix: Arco# 1887; G&M #4; Shell #204359403; Texaco #8520/ Texaco #121608; Unocal #5376; Exxon #4283/ Chevron #208552; Mobil #18-G6B; Texaco #121681; Unocal #5399; Mobil #18-HDR; Arco #6131; Mobil #18-JMY; Arco #1912; Thrifty #383; Arco #1905; Beacon Bay Car Wash FV; Mobil #18-HEP; G&M #24; Arco #3085; Chevron #1921; Beacon Bay Car Wash SA; Huntington Beach Arco; Shell #6502; Unocal #5123; Westminster Shell; Chevron #9-5401; Thrifty #368; Arco #6036; Chevron #9-5568; and Mobil #18-668.

### Atlantic Richfield Company, BP Products North America Inc. and BP West Coast Products LLP (collectively "BP")

1. ***ARCO #1887—16742 Beach Boulevard, Huntington Beach.***  BP leased the real property at ARCO #1887 from the late summer/early fall of 1989 through October 2001.  BP

owned the USTs at ARCO #1887, and leased the station to a third party, during this same time period.  Any MTBE gasoline delivered to ARCO #1887 between 1989 and October, 1995 was supplied by BP.  All gasoline delivered to Arco # 1887 between October 1, 1995, and October, 2001, contained MTBE and was supplied by BP.  ARCO-branded gasoline was sold to this station during these time periods.

2. ***ARCO #6131—3201 Harbor Boulevard, Costa Mesa.***  BP owned the real property and USTs at ARCO #6131 from the late summer/early fall of 1989 through January 2003.  BP leased the station to a third party during this same  time period.  Any MTBE gasoline delivered to ARCO #6131 between 1989 and October, 1995 was supplied by BP.  All gasoline delivered to Arco # 6131 between October 1, 1995, and January, 2003 contained MTBE and was supplied by BP.  ARCO-branded gasoline was sold to this station during these time periods.

3. ***ARCO #1912—18480 Brookhurst Street, Fountain Valley.***  BP owned the real property and USTs at ARCO #1912 from the late summer/early fall of 1989 through January 2003.  BP leased the station to a third party during this same time period.  Any MTBE gasoline delivered to  ARCO #1912 between 1989 and October, 1995, was supplied by BP.  All gasoline delivered to Arco # 1912 between October 1, 1995, and January, 2003 contained MTBE and was supplied by BP.  ARCO-branded gasoline was sold to this station during these time periods.

4. ***Thrifty #383—18520 Brookhurst Street, Fountain Valley.***  BP leased the real property at Thrifty #383 from April 1, 1997, through January 2003.  BP owned the USTs at

-26-

Thrifty #383,  during this time period.  All gasoline delivered to Thrifty #383 during this time period contained MTBE and was supplied by BP.

5.  ***ARCO #1905—18025 Magnolia Street, Fountain Valley.***  BP leased the real property at ARCO #1905 from the late summer/early fall of 1989 through January 2003.  BP owned the USTs at ARCO #1905, and leased the station to a third party, during this same time period.  Any MTBE gasoline delivered to ARCO #1905 between 1989 and October, 1995, was supplied by BP.  All gasoline delivered to Arco # 1905 between October 1, 1995, and January, 2003 contained MTBE and was supplied by BP.  ARCO-branded gasoline was sold at this station during these time periods.

6.  ***ARCO #3085—3361 South Bristol Street, Santa Ana.***  BP leased the real property at ARCO #3085 from the late summer/early fall of 1989 through February 1997.  BP owned the USTs at ARCO #3085, and leased the station to a third party, during this same time period.  Any MTBE gasoline delivered to ARCO# 3085 between 1989 and October, 1995, was supplied by BP.  All gasoline delivered to ARCO 3085 between October, 1995 and February 1997, contained MTBE and was supplied by BP.  ARCO-branded gasoline was sold at this station during these time periods.

7.  ***Huntington Beach ARCO—6002 Bolsa Avenue, Huntington Beach.***  Any MTBE gasoline delivered to Huntington Beach ARCO between April 11, 1990, and October, 1995, was supplied by BP.  All gasoline delivered to Huntington Beach Arco between October,

-27-

1995 and January 2003 was supplied by BP.  ARCO-branded gasoline was sold at this station during these time periods.

8.      ***Thrifty #368—6311 Westminster Boulevard, Westminster.***  BP leased the real property at Thrifty #368 from April 30, 1997 through January 2003.  BP owned the USTs at Thrifty #368 during the same time period.  All gasoline delivered to Thrifty #368 between April 30, 1997 and January 2003 contained MTBE and was supplied by BP.

9.      ***ARCO #6036—13142 Goldenwest Street, Westminster.***  BP owned the real property and USTs at ARCO #6036 from the late summer/early fall of 1989 through January 2003.  BP leased the station to a third party during this same time period.  Any MTBE gasoline delivered to ARCO #6036 between 1989 and October, 1995, was supplied by BP.  All gasoline delivered to ARCO # 6036 between October 1, 1995 and January 2003, contained MTBE and was supplied by BP.  ARCO-branded gasoline was sold at this station during these time periods.

10.     ***World Oil #39—3450 West Ball Road, Anaheim.***  Any MTBE gasoline delivered to  World Oil #39 between late summer/early fall of 1989 and the end of 1993 was supplied by BP.  ARCO-branded gasoline was sold at this station during this time period.

11.     BP makes the stipulations in Paragraphs 1-10 based on its agreement with OCWD that OCWD will not associate BP with the following service stations on OCWD's Station Matrix:  G&M #4; Texaco #8520/Texaco #121608; Shell #204359403; Unocal #5376;  Exxon #4283/Chevron #208552; Mobil #18-G6B; Unocal #5399; Texaco #121681; Mobil #18-HDR;

Mobil #18-JMY; Beacon Bay Car Wash Fountain Valley; Mobil #18-HEP; G&M #24; Chevron #1921; Beacon Bay Car Wash Santa Ana; Unocal #5123; Shell #6502; Westminster Shell; Chevron #9-5401; Unocal #5226; Unocal #5792/ConocoPhillips #5792; Chevron #9-5568; and Mobil #18-668.

SO STIPULATED.

Dated:   June 6, 2014

MILLER & AXLINE

By: *Michael Axline*

Duane Miller/Michael Axline
***Attorney for Plaintiff OCWD***

Dated:   June 6, 2014

KING & SPALDING LLP

By: _____

Robert E. Meadows/Charles C. Correll, Jr./
Jeremiah J. Anderson
***Attorneys for Defendants Chevron U.S.A. Inc.
and Union Oil Company of California***

Dated:   June 6, 2014

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: _____

Jeffrey J. Parker/Whitney Jones Roy
***Attorney for Defendants Exxon Mobil
Corporation and ExxonMobil Oil Corporation***

Dated:   June 6, 2014

SEDGWICK LLP

By: _____

Richard E. Wallace, Jr./Peter C. Condron
***Attorney for Defendants Shell Oil Company,
Equilon Enterprises LLC, and Texaco
Refining and Marketing Inc.***

Mobil #18-JMY; Beacon Bay Car Wash Fountain Valley; Mobil #18-HEP; G&M #24; Chevron

#1921; Beacon Bay Car Wash Santa Ana; Unocal #5123; Shell #6502; Westminster Shell;

Chevron #9-5401; Unocal #5226; Unocal #5792/ConocoPhillips #5792; Chevron #9-5568; and

Mobil #18-668.


SO STIPULATED.

Dated:   June 6, 2014                         MILLER & AXLINE


                                              By:_____
                                              Duane Miller/Michael Axline
                                              *Attorney for Plaintiff OCWD*


Dated:   June 6, 2014                         KING & SPALDING LLP

                                              By: _____
                                              Robert E. Meadows/Charles C. Correll, Jr./
                                              Jeremiah J. Anderson
                                              *Attorneys for Defendants Chevron U.S.A. Inc.*
                                              *and Union Oil Company of California*


Dated:   June 6, 2014                         SHEPPARD MULLIN RICHTER &
                                              HAMPTON LLP

                                              By:_____
                                              Jeffrey J. Parker/Whitney Jones Roy
                                              *Attorney for Defendants Exxon Mobil*
                                              *Corporation and ExxonMobil Oil Corporation*


Dated:   June 6, 2014                         SEDGWICK LLP


                                              By: _____
                                              Richard E. Wallace, Jr./Peter C. Condron
                                              *Attorney for Defendants Shell Oil Company,*
                                              *Equilon Enterprises LLC, and Texaco*
                                              *Refining and Marketing Inc.*

Mobil #18-JMY; Beacon Bay Car Wash Fountain Valley; Mobil #18-HEP; G&M #24; Chevron #1921; Beacon Bay Car Wash Santa Ana; Unocal #5123; Shell #6502; Westminster Shell; Chevron #9-5401; Unocal #5226; Unocal #5792/ConocoPhillips #5792; Chevron #9-5568; and Mobil #18-668.

SO STIPULATED.

Dated:   June 6, 2014

MILLER & AXLINE

By:_____
Duane Miller/Michael Axline
***Attorney for Plaintiff OCWD***

Dated:   June 6, 2014

KING & SPALDING LLP

By:_____
Robert E. Meadows/Charles C. Correll, Jr./
Jeremiah J. Anderson
***Attorneys for Defendants Chevron U.S.A. Inc.
and Union Oil Company of California***

Dated:   June 6, 2014

SHEPPARD MULLIN RICHTER &
HAMPTON LLP

By:_____
Jeffrey J. Parker/Whitney Jones Roy
***Attorney for Defendants Exxon Mobil
Corporation and ExxonMobil Oil Corporation***

Dated:   June 6, 2014

SEDGWICK LLP

By:_____
Richard E. Wallace, Jr./Peter C. Condron
***Attorney for Defendants Shell Oil Company,
Equilon Enterprises LLC, and Texaco
Refining and Marketing Inc.***

Dated:  June 6, 2014

ARNOLD & PORTER LLP

By: _____

Matthew T. Heartney/Lawrence A. Cox/
Stephanie B. Weirick
***Attorney for Defendants Atlantic Richfield
Company, BP West Coast Products LLC, BP
Products North America Inc.***

Dated:  June 6, 2014

LATHAM & WATKINS LLP

By: _____

Jon D. Anderson
***Attorneys for Defendant CONOCOPHILLIPS
COMPANY, individually and as successor-in-
interest to Defendant TOSCO
CORPORATION and Phillips Petroleum
Company***

Dated:  June 6, 2014                          ARNOLD & PORTER LLP

                                              By: _____
                                              Matthew T. Heartney/Lawrence A. Cox/
                                              Stephanie B. Weirick
                                              ***Attorney for Defendants Atlantic Richfield
                                              Company, BP West Coast Products LLC, BP
                                              Products North America Inc.***

Dated:  June 6, 2014                          LATHAM & WATKINS LLP

                                              By: _____
                                              Jon D. Anderson
                                              ***Attorneys for Defendant CONOCOPHILLIPS
                                              COMPANY, individually and as successor-in-
                                              interest to Defendant TOSCO
                                              CORPORATION and Phillips Petroleum
                                              Company***