# EXHIBIT A



**mwe.com**

James Pardo
Attorney at Law
jpardo@mwe.com
+1 212 547 5353

July 8, 2020

**BY ECF**

The Honorable Vernon S. Broderick, U.S.D.J.
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    MDL 1358, Master File No. 1:00-1898 (VSB), M21-88; *Commonwealth of Pennsylvania, et al. v. Exxon Mobil Co., et al.*, Case No.: 1:14-cv-06228

Dear Judge Broderick:

Defendants write to identify three issues that have emerged in light of recent settlements and discovery responses, and to request a conference on two of them. We are making this request to Your Honor because, respectfully, it is not clear to us if these two non-dispositive issues fall squarely within the mandate to Judge Freeman. Both sides would benefit from having the Court's guidance on these two issues now because they are relevant to future settlement discussions and recoveries.

The issues are as follows:

1.    <u>Allocation of Recoveries</u>: Plaintiff's claims in this case allege different types of injuries, and seek different categories of damages, on behalf of different Commonwealth agencies, entities and/or citizens, from a large number of Defendants who are differently situated from one another. For example, several claims seek to recover for past disbursements from the Underground Storage Tank Indemnification Fund (USTIF), a restricted fund established by statute for which recovery claims may be pursued and recovered (if at all) only by the USTIF Board. Some of these claims are brought against certain Defendants allegedly responsible for service station releases; others are brought against certain Defendants who allegedly received money from their insurers. Similarly, Plaintiff has claims against Defendants for alleged injuries suffered by the Pennsylvania Department of Environmental Protection (PADEP) for past response costs, future well testing and treatment, and groundwater restoration. Which claims apply to which Defendants depends, in part, on their alleged role in the manufacture, transport, storage and distribution of gasoline.

Pennsylvania law entitles Defendants to offset prior recoveries from the appropriate categories of damages for which they may ultimately be responsible. *See* Fair Share Act, 42 Pa.C.S.A. § 7102 (governing apportionment of liability among settling and non-settling defendants); Uniform Contribution Among Tortfeasors Act, 42 Pa. C.S. § 8321 *et seq.* Accordingly, it is imperative that Plaintiff identify how it is allocating recoveries – by settlement or otherwise – to the different entities, claims and categories of



340 Madison Avenue  New York NY 10173-1922  Tel +1 212 547 5400  Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

The Honorable Vernon S. Broderick, U.S.D.J.
July 8, 2020
Page 2

damage that it has asserted. For example, after distributing counsel fees, Plaintiff recently received $762,500 in settlements from three Defendants. Plaintiff must identify what part of that recovery is being allocated to the USTIF Board, what part is being allocated to PADEP for (for example) private well testing, what part is going to the Pennsylvania Department of Insurance, etc. Only with this information can Defendants, and the Court, evaluate what credits and offsets are appropriate under Pennsylvania law. That allocation information is essential not only for those Defendants who may wish to pursue their own settlement discussions (and thus who need to accurately understand what remaining exposure they may face on each claim that applies to them), it may ultimately be essential for those Defendants who will try the initial focus sites selected by the parties.

Defendants' request for this allocation information not only is fair, it is an "easy lift" for Plaintiff who must know how its recoveries are being (or will be) allocated. This is because Plaintiff, having sued in a representative capacity on behalf of its citizens (*i.e.*, as *parens patriae*) and also on behalf of a restricted fund (*e.g.*, USTIF), to give just two examples, has limited discretion when distributing its settlement recoveries. Defendants are prepared to promptly brief the issue of allocation, including legal restrictions on any allocation(s) and disclosure of the allocations to Defendants and the Court, and respectfully ask the Court to set a schedule for such briefing.

2.      Court Review of Future Settlements

Although the recent settlements were not submitted to the Court for review or approval, Defendants believe that they should have been – and that Court review should be required for any future settlements.

As noted above, Plaintiff is pursuing different claims, with different alleged injuries and categories of damages, against differently situated Defendants in this case. In addition to these variations is the fact that Plaintiff has brought each of its claims in very disparate capacities. At least two of those capacities require Court review of future settlements.

**First**, Plaintiff has sued as *parens patriae* on behalf of its private citizens, who it contends have been injured (in various ways) by MTBE impacts to private wells. 2*nd* *Am. Comp.*, ¶ 3, 8. Because Plaintiff's *parens patriae* claims may extinguish rights held by these citizens, at least one Pennsylvania jurist has opined that judicial review of *parens patriae* settlements is appropriate. *See, e.g., Com. ex rel. Fisher v. Phillip Morris, Inc.*, 736 A.2d 693 (Pa. Commw. Ct. 1999) (judicial review required because *parens patriae* settlement "extinguish[es] the potential claims that could be raised by a large class of unrepresented plaintiffs") (Kelley, J., dissenting); *see also* Margaret H. Lemos, *Aggregate Litigation Goes Public: Representative Suits by State Attorneys General*, 126 Harv. L. Rev. 486, 541 (2012) (advocating that states adopt certain class action procedural requirements for *parens patriae* matters). Defendants respectfully submit that such judicial review should be required in this case.

**Second**, Plaintiff has sued in its capacity as Trustee of certain natural resources that it contends have been impacted or threatened by MTBE. Because such natural resources constitute the corpus of a public Trust on behalf of all citizens, the Pennsylvania Supreme Court has held that any revenues generated in connection with such corpus – including, Defendants submit, any recoveries for damage to said resources – are part of the public Trust corpus and must be set aside solely for conservation and maintenance of the resources. *Pennsylvania Envtl. Def. Found. v. Commonwealth*, 161 A.3d 911 (Pa. 2017). Despite this



The Honorable Vernon S. Broderick, U.S.D.J.
July 8, 2020
Page 3

mandate, Plaintiff has stated that some or all of any recoveries that it may receive for natural resource damages in this case may be treated as "unappropriated revenue" and placed into the State's General Fund for appropriation by the General Assembly. *See Pl. Amended Responses and Objections to Def. Request for Admissions ... Regarding Natural Resource Damages*, p. 46 (June 12, 2020) (relevant portion at Ex. A). Accordingly, judicial review of future settlements is required to ensure that any proceeds allocated to natural resource damages are set aside by the State, as Trustee, in accordance with the terms of the public Trust.

3. <u>Production of Legal Services Agreement</u>

Plaintiff's recent petition for court approval of its outside counsels' fees and costs stated that the aforementioned settlement funds "are ready for distribution to the Commonwealth and the Firms in the manner provided in the Legal Services Agreement (LSA) between the parties dated December 17, 2019." Because this LSA addresses allocation, Defendants have requested its production in discovery. Plaintiff has refused on grounds of attorney-client privilege.

Even assuming such a privilege applies, Plaintiff waived the privilege when it (1) represented in a public filing to this Court that its recent settlement recoveries would be distributed in accordance with the LSA, and (2) shared an earlier version of its LSA with representatives of the State of Maryland. *See* Ex. B.

Because this issue has arisen as a discovery dispute, Defendants are filing a motion to compel with Judge Freeman this week. Nevertheless, we wanted to make sure that Your Honor was aware of the issue because, as noted, Plaintiff relied on and detailed parts of the LSA in its recent submission to you.

\* \* \*

For the reasons set forth herein, Defendants would like to discuss the allocation, *parens patriae* and natural resource damages trust issues with Your Honor and request a conference for that purpose.

Respectfully submitted,

*James A. Pardo*

James A. Pardo
*Counsel for Exxon Mobil Corporation and on Behalf of All Defendants*[1]

Cc: The Honorable Debra Freeman, U.S.M.J. (by ECF)
All Counsel of Record (by LNFS)

---

[1] Defendant Transmontaigne has elected not to join this letter at this time.

