# EXHIBIT B

Law Offices of
# MILLER & AXLINE
A Professional Corporation

| | |
|---|---|
| DUANE C. MILLER | BRYAN BARNHART |
| MICHAEL AXLINE | DAVE E. BLUM |
| TRACEY L. O'REILLY | MOLLY MCGINLEY HAN |
| DANIEL BOONE | |
| JUSTIN MASSEY | |

July 15, 2020

<u>VIA ECF</u>

The Honorable Vernon S. Broderick, U.S.D.J.
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    MDL 138, Master File No. 1:00-1898 (VSB), M21-88; *Commonwealth of Pennsylvania, et al. v. Exxon Mobil Co., et al.*, Case No.: 1:14-cv-06228

Dear Judge Broderick:

      Plaintiff Commonwealth of Pennsylvania (the "Commonwealth") submits this brief response to Defendants' July 8, 2020, letter seeking a conference with the Court concerning "issues" relating to settlements and discovery in this matter.

      Defendants' assertion that allocation of credits and recoveries from settlements must occur "now" is contrary to Pennsylvania law as well as prior practice in the MTBE MDL. (Ltr. at 1.) Any opinion or guidance on these issues "now" would be purely advisory, and a waste of judicial resources. Exxon, the party whom Mr. Pardo represents, has previously (and properly) waited until <u>after</u> a verdict has been rendered to litigate these issues. These issues should await not only a verdict, but also remand to the court that will try the case.

      1.    <u>Allocation of Recoveries</u>

      Defendants' assertion that the Commonwealth's damages are subject to allocation under the Fair Share Act is not entirely correct. The Fair Share Act (42 Pa.C.S.A. § 7102) applies only to the Commonwealth's "negligence" claims. The Uniform Contribution Among Tortfeasors Act (42 Pa.CS.A. § 8312) applies only when a defendant is found to be a "joint tort-feasor." The formula for allocation of damages under these statues, moreover, varies depending on the

1050 Fulton Avenue, Suite 100, Sacramento, CA  95825-4225;  Telephone:  (916) 488-6688
Facsimile:  (916) 488-4288;  Email: toxictorts@toxictorts.org

The Honorable Vernon S. Broderick, U.S.D.J.
July 15, 2020
Page 2
_____

specific claim(s) for which damages are recovered.  (*See e.g. Roverano v. John Crane, Inc.,* 226 A.3d 526, (Pa 2020) [recognizing and applying different allocation scheme between negligent and strictly liable joint tortfeasors]; *see also McMeekin v. Harry M. Stevens, Inc.,* 530 A.2d 462 (Pa. Super. 1987) (same).)  Neither of these statutes applies to the Commonwealth's claims for civil penalties.

The statutory language in the Fair Share Act and the Uniform Contribution Among Joint Tortfeasors Act, and the cases interpreting that language, demonstrate that allocation of damages does not occur until the completion of trial, and submission of the case to a jury.  Section 7102 (a.2) of the Fair Share Act relating to "Apportionment of responsibility among certain nonparties," for example, states that "[f]or purposes of apportioning liability only, the question of liability of any defendant or other person who has entered into a release with plaintiff . . . and who is not a party <u>shall be transmitted to the trier of fact</u> upon appropriate requests and proofs by any party."  (Emphasis added.)  Similarly, Section 7102 (a.1) relating to "Recovery against joint defendant; contribution," permits contribution actions only *after* "<u>recovery is allowed</u> against more than one person . . . and <u>where liability is attributed to</u> more than one defendant . . ."  (Emphasis added.)  The plain language of the statute clearly contemplates that allocation on a negligence claim is presented to the jury at the conclusion of trial.  In Pennsylvania, adjudication of allocations under these statutes consistently takes place only after the entry of a verdict.  (*See e.g.*, *Roverano v. John Crane, Inc., supra*; *Baker v. ACandS,* 755 A.2d 664 (Pa. 2000); *Walton v. Avco Corp.,* 610 A.2d 454 (Pa. 1992); *McMeekin v. Harry M. Stevens, Inc., supra*.)

In New Hampshire's MTBE case, the Supreme Court of New Hampshire held that Exxon was not denied a "'meaningful opportunity'" to apportion liability where the verdict form directed the jury to allocate damages to nonparties if Exxon met its burden to prove that they were responsible.  (*State v. Exxon Mobil Corp.*, 126 A.3d 266, 305-305 (N.H. 2015.)  Again, the issue of allocation was not adjudicated until *after* a jury rendered a verdict.

The impracticality of attempting to allocate damages *before* a trier of fact has returned a verdict is obvious.  Until there is a verdict specifying the amount and type of damages, and identifying each defendant liable for those damages, there is no reasonable way to ascertain a specific defendant's share.  The parties have not even completed discovery, let alone engaged in dispositive motion practice, to determine what claims and parties will be the subject of trial in this matter.  The calculation and determination of the Commonwealth's final damage claims, moreover, are largely dependent on expert opinion.

Defendants are not simply seeking a determination as to which defendant may be liable for what share of the Commonwealth's damages in the future.  Defendants are, in fact, asking the Court to issue an opinion as to how the Commonwealth should be permitted to distribute its settlement recoveries internally.  (Ltr. at 2 "Plaintiff must identify what part of the recovery is being allocated . . . " to various claims.)  Nothing in the Fair Share Act, any Pennsylvania statute, or Pennsylvania common-law permits a defendant to dictate how a plaintiff distributes its

The Honorable Vernon S. Broderick, U.S.D.J.
July 15, 2020
Page 3
_____

litigation recoveries.  Defendants assert that this information is "critical," but fail to identify a legally valid basis for such an order.[1]

Finally, the allocation of damages between defendants or by a plaintiff prior to trial <u>has never</u> been raised, let alone ordered, in any MTBE MDL case, including statewide cases like New Jersey or Puerto Rico.  There is no precedent in the MTBE MDL for such an adjudication at this early stage.  Unless defendants are conceding liability, the issue of apportionment and allocation of damages is not currently ripe for this Court's review.

    2.    <u>Court Review of Future Settlements</u>

Defendants' demand that all settlements be reviewed and approved by the Court is contrary to controlling Pennsylvania law.  (*Dep't of Pub. Welfare v. Maplewood Manor Convalescent Ctr., Inc.*, 650 A.2d 1117, 1119 (Pa. Commw. 1994) ["Pennsylvania Rules of Civil Procedure . . . do not . . . require court approval for settlement agreements.]."")  Defendants' reliance on *Com. ex rel. Fisher v. Phillip Morris, Inc.,* 736 A.2d 693 (Pa. Commw. 1999) is misplaced.  Defendants cite only the dissenting opinion, in a case involving the entry of a consent decree resolving the entire litigation against a tobacco manufacturer brought by forty-six states.  The case does not represent Pennsylvania law, nor would it even be applicable in circumstances involving a settlement agreement between the Commonwealth and individual defendants in a matter asserting a wide range of causes of actions and claims.

Defendants' demand that the Court require the Commonwealth to "set aside" settlement recoveries in a separate fund is without any legal foundation and has been affirmatively rejected by courts in other MTBE cases.  (*In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation,* 56 F.Supp.3d 272 (S.D.N.Y. 2014) ("*City of New York*").)

In *City of New York*, Exxon moved to require the City to place all damages recovered from Exxon into a trust to be used only for construction and maintenance of a water treatment facility to address MTBE contamination.  (*Id.* at 274.)  Judge Scheindlin rejected Exxon's motion on multiple grounds, including holding that a trust is "inappropriate in this case because the remedy for a 'traditional tort law cause of action [is] lump-sum damages.'"  (*Id.* at 275.)  In New Hampshire's MTBE litigation, the New Hampshire Supreme Court also rejected the assertion by Exxon that the State was required to deposit recoveries in a trust fund simply because the State sued in its *parens patriae* capacity.  (*State v. Exxon Mobil Corp.*, 126 A.3d 266, 311-312 (N.H. 2015) ["'[W]e are not persuaded that the fact that the State was allowed to proceed under *parens patriae* standing authorizes the imposition of a trust over the money damages awarded for Exxon's torts."].)

In any event, Exxon's request for imposition of a trust fund or "set aside" of recoveries by other governmental plaintiffs was also, in both instances, adjudicated *after* trial and the

---

[1] Defendants improperly suggest that trial in this case will be limited to "the initial focus sites . . ." (Ltr. at 2.)  This assertion is wrong.  The Commonwealth has opposed a focus site trial, and no decision as to the format of trial in this matter has been made.

The Honorable Vernon S. Broderick, U.S.D.J.
July 15, 2020
Page 4
_____

rendering of a verdict against Exxon, further demonstrating the prematurity of defendants' request here.

Defendants' reliance on *Pennsylvania Envtl. Def. Found. v. Commonwealth*, 161 A.3d 911 (Pa. 2017) is entirely misplaced. The Pennsylvania Environmental Defense Foundation (PEDF) brought a declaratory relief action against the Commonwealth challenging the constitutionality of budget-related decisions associated with proposed uses of "funds generated from the leasing of state forest and park lands for oil and gas exploration and extraction." (*Id.* at 916.) PEDF argued that because the funds were associated with extraction of gas from public lands, under Pennsylvania's constitutional public trust provisions, the monies collected could only be used to conserve and maintain public lands/public natural resources. PEDF argued general budget uses violated this provision of the Pennsylvania Constitution.

Here, unlike *Pennsylvania Envtl. Def. Found.*, the Commonwealth seeks statutory common law tort damages and imposition of civil penalties from the wrongdoers such as Exxon. Such tortfeasors have no standing to question the disposition of damages they are obligated to pay. Reference to the *Pennsylvania Envtl. Def. Found.* Decision and to Pennsylvania's constitutional public trust provisions is likewise premature and not in any way relevant to liability for damages and civil penalties.

3. <u>Production of Legal Services Agreement</u>

Defendants filed a letter motion with Magistrate Judge Freeman to compel this relief. The Commonwealth will set forth its arguments and authorities in its opposition to that motion.

Respectfully submitted,

*/s/ Tracey L. O'Reilly*

Tracey L. O'Reilly
Counsel for the Commonwealth of Pennsylvania


Cc: The Honorable Debra Freeman U.S.M.J. (via ECF)
    All Counsel of Record (via LNFS)