THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STATE OF RHODE ISLAND,         :
                               :
        Plaintiff,             :
                               :        1:17-cv-00204-WES-PAS
vs.                            :
                               :
ATLANTIC RICHFIELD COMPANY, et al., :
                               :
        Defendants.            :

# CONSENT JUDGMENT

1

## INTRODUCTION

WHEREAS, Plaintiff, the State of Rhode Island (the "State"), acting by and through the Attorney General, Peter F. Neronha, filed the Complaint in this matter against the Defendant, Total Petrochemicals & Refining USA, Inc. ("TPRI") in Rhode Island Superior Court, Providence County; and

WHEREAS, on May 11, 2017, the Defendants, including TPRI, removed the litigation, originally brought in Rhode Island Superior Court, Providence County, to the United States District Court, District of Rhode Island; and

WHEREAS, Defendant TPRI (f/k/a TOTAL PETROCHEMICALS USA, INC., ATOFINA Petrochemicals, Inc., Fina Oil and Chemical Company, and American Petrofina Company of Texas), is a Delaware corporation with its principal place of business at: 1201 Louisiana Street, Suite 1800, Houston, Texas 77002; and

WHEREAS, the State's Complaint alleged that in addition to manufacturing and/or supplying methyl tertiary butyl ether, a chemical contained in some gasoline, and tert butyl alcohol, a degradation product of MTBE (together, "MTBE") or gasoline containing MTBE for sale within the State, TPRI promoted, marketed, distributed, supplied, and sold MTBE, gasoline, and other petroleum products (collectively referred to as "gasoline") containing MTBE, when TPRI knew or reasonably should have known that MTBE would be released into the environment and cause contamination of property, water, water supplies, and wells throughout the State in violation of federal and state law; and

WHEREAS, the State's Complaint also alleged that TPRI is liable for polluting groundwater as prohibited by R.I. Gen. Laws §§ 46-12-5 and 46-12-21; liable for reimbursing the State's expenditures related to MTBE contamination, per 42 U.S.C. § 6991b, R.I. Gen. Laws § 46-

2

12.9-5; strictly liable for manufacturing and supplying a defective product; strictly liable for failing to provide adequate warnings in connection with that product; liable for negligently causing damage to the property and waters of the State and to the property of citizens of the State; liable for creating a public nuisance; liable for creating a private nuisance; liable for trespass upon the waters of the State and upon property of citizens of the State; liable for unreasonably interfering with the use and enjoyment of public trust resources; liable as co-conspirators with other defendants; and liable for all resulting damages; and

WHEREAS, the State's Complaint seeks injunctive and equitable relief to abate the alleged continuing nuisance and trespass by removing MTBE from soil and groundwater; and

WHEREAS, the State's Complaint seeks compensatory and punitive damages arising from MTBE contamination of natural resources, public trust resources, groundwater, release sites, public drinking water supply wells, private drinking water supply wells, and other State and public properties and waters; and

WHEREAS, the State and TPRI have reached an agreement to resolve the State's claims against TPRI (this "Agreement"); and

WHEREAS, the State and TPRI desire to resolve finally and fully all claims that have been or hereafter could be asserted against TPRI by the State on its own behalf, or in any capacity, arising out of the design, manufacture, marketing, distribution, supply, and/or sale of MTBE and/or gasoline containing MTBE, without the necessity of further expense of prolonged and complex litigation, and without admission, adjudication or determination of any issue of fact or law other than has already been adjudicated by the Court in this litigation; and

WHEREAS, TPRI enters into this Consent Judgment without admitting or denying the facts or allegations set forth herein or in the Complaint, except as provided in Section III

3

(Jurisdiction and Venue), and TPRI agrees, however, not to contest such facts and allegations as necessary for purpose of the entry or enforcement of this Consent Judgment; and

WHEREAS, the State and TPRI agree that the settlement of this matter has been negotiated in good faith and at arm's length, that implementation of the Consent Judgment is consistent with the goals of the state and federal laws as referenced above, is in the public interest, and is an appropriate means to resolve this case.

NOW, THEREFORE, based on the Joint Motion of the Parties for Entry of this Consent Judgment, filed together with Exhibit A (the "Joint Stipulation of Dismissal with Prejudice"), and before taking any testimony and without the adjudication of any issue of fact or law except as provided in Section III (Jurisdiction and Venue), it is **ADJUDGED, ORDERED, AND DECREED**, as follows:

## I. DEFINITIONS

1. Whenever the following terms are used in this Consent Judgment, the definition specified hereafter shall apply:

(a) "Attorney General" shall mean the Rhode Island Office of the Attorney General.

(b) "State" shall mean the State of Rhode Island.

(c) "Day" shall mean a calendar day.

(d) "Defendant" or "TPRI" shall mean Total Petrochemicals & Refining USA, Inc. (f/k/a TOTAL PETROCHEMICALS USA, INC., ATOFINA Petrochemicals, Inc., Fina Oil and Chemical Company, and American Petrofina Company of Texas), a Delaware corporation with its principal place of business at 1201 Louisiana Street, Suite 1800, Houston, Texas 77002.

4

(e) "Business Day" shall mean a day other than a Saturday, Sunday, or a State or federal holiday.

(f) "Effective Date" shall mean the date that this Consent Judgment is entered as a final judgment by the United States District Court for the District of Rhode Island.

(g) "MTBE" means methyl tertiary butyl ether, tert-butyl alcohol ("TBA") and any other associated breakdown products of the compounds or trace chemicals contained in these products.

(h) "Paragraph" shall mean a portion of this Consent Judgment identified by an Arabic numeral.

(i) "Parties" shall mean the Plaintiff State and the Defendant TPRI and any successors in interest to Defendant.

(j) "Released Claims" means any and all legal claims, demands, actions, causes of action, suits, obligations, assessments, damages, injunctive or other equitable relief, declaratory relief, liabilities, judgments, penalties, remedies of any kind, rights, liens, investigation costs, restoration costs, and assertion of entitlement to any other cost, loss or expense, including without limitation attorneys' fees, expert witness fees, consultant fees, interest, and any other litigation-related fees and costs of every kind, nature, description, or character whatsoever, whether legal or equitable, past, present, or future, ascertained or unascertained, known or unknown, suspected or unsuspected, arising under State or federal statutory or common-law, that the State has asserted or could assert in the future against TPRI, including but not limited to direct claims, *parens patriae* claims, and/or assigned claims, arising from the design, testing, manufacture, refining, blending, handling, use, promotion, marketing, exchange, import,

5

distribution, supply, sale and/or other use of MTBE and gasoline containing MTBE, except as provided in Section VIII.

(k) "Section" shall mean a portion of this Consent Judgment identified by a Roman numeral.

(l) "Subparagraph" means a portion of this Consent Judgment identified by a lowercase letter.

## II. STATEMENT OF PURPOSE

2. This Consent Judgment is a compromise that fully and finally settles, releases, and forever discharges, with prejudice, the Released Claims between the State and TPRI, including its current, former and future (direct and indirect) parents, affiliated, related, subsidiary, predecessor and successor companies, joint venture companies, and partnerships, trusts and other entities, together with each of the foregoing entities' current and former respective directors, officers, partners, members, shareholders, officials, trustees, beneficiaries, employees, agents, affiliates, attorneys, insurance carriers and reinsurers and all successors and assigns. By entering this Consent Judgment, the mutual objective of the Parties is for TPRI to make one cash payment, pursuant to Section V, to resolve its alleged liability for compensatory, punitive, and any other damages arising from MTBE contamination, and to resolve all other claims in the Complaint, subject to the Reservation of Rights in Section VIII.

## III. JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to the authority of Section 1503 of the Energy Policy Act of 2005 and 28 U.S.C. §§ 1331, 1441(a)

and 1446. The State and TPRI consent to and shall not challenge the entry of this Consent Judgment or this Court's jurisdiction to enter and enforce this Consent Judgment.

### IV. PARTIES BOUND

4. This Consent Judgment applies to and is binding upon the State and TPRI.

### V. PAYMENT BY TPRI

5. Within ten (10) Business Days after the Effective Date of this Consent Judgment, TPRI shall pay One Hundred and Eighty-Five Thousand Dollars ($185,000.00) (the "TPRI Settlement Payment"), by check or wire transfer to "Baron & Budd, P.C., in Trust and Settlement of Case State of Rhode Island v. Atlantic Richfield et al. C.A. No. 1:17-cv-00204 WES-PAS ." Baron & Budd, P.C. will deduct its fees from the payment and deliver the net amount due via check made payable to the R.I. Department of Environmental Management (RI DEM), Environmental Response Fund, receipt restricted account ("Designated Fund") and shall be delivered to:

> Mary Kay
> Chief Legal Counsel
> Rhode Island Department of Environmental Management
> 235 Promenade Street
> Providence, RI 02908-5767
> Reference: State v. Atlantic Richfield (TPRI Settlement)

### VI. THE STATE'S OBLIGATIONS WITH RESPECT TO THE PAYMENT

6. The portion of the TPRI Settlement Payment paid to the Designated Fund shall be deposited in an interest-bearing account and held in that account in escrow until the "Joint Stipulation of Dismissal With Prejudice" is filed in the United State District Court, District of Rhode Island, after which the proceeds shall be deposited into the Environmental Response Fund receipt restricted account with the RI DEM to be used solely to fund water remediation and restoration projects in Rhode Island and the legal and administrative

7

Case 1:17-cv-00204-WES-PAS Document 215-7 Filed 03/29/21 Page 8 of 16 PageID #: 2938
Case 1:17-cv-00204-WES-PAS Document 225 Filed 08/27/21 Page 9 of 16 PageID #: 2972
DocuSign Envelope ID: D3E9BD31-E9A1-436F-9A19-8A1AE4432C49

costs associated with the projects pursuant to the Joint Stipulation of Dismissal With Prejudice. The settlement proceeds paid by Defendant TPRI to Baron & Budd, P.C. and delivered by Baron & Budd, P.C. to RI DEM pursuant to this Consent Judgment may not be borrowed or used for any other purposes other than as specified in this Paragraph. The Rhode Island Attorney General has responsibility to oversee the distribution and use of the settlement proceeds to ensure that distribution and use are consistent with the terms of the settlement and of this Consent Judgment. Within two (2) business days after TPRI has made the payment referenced in Section V, the Parties shall execute and file with the Court the Joint Stipulation of Dismissal With Prejudice in the form annexed hereto as Exhibit A.

### VII. EFFECT OF SETTLEMENT / CONSENT JUDGMENT

7. Nothing in this Consent Judgment shall be construed to create any rights in, or grant any cause of action to, any person or governmental entity not a party to this Consent Judgment. The Parties expressly reserve any and all rights, defenses, claims, demands, and causes of action, which they may have with respect to any matter, transaction, or occurrence relating in any way to the Complaint against any person or governmental entity not a Party hereto. Neither the provision of any consideration hereunder nor anything contained in this Consent Judgment shall be interpreted or construed to be an admission of liability, or any fact or point of law on the part of, or to the prejudice of, the Parties to this Consent Judgment.

8. Upon compliance with the requirements of Section V (Payment by TPRI), and except as provided in Section VIII (Reservation of Rights), this Consent Judgment shall resolve TPRI's alleged liability for all claims alleged against it in the State's Complaint.

9. The release contained in this Agreement is given in good faith by the State to TPRI and, subject to Section VIII, discharges TPRI from all liability for contribution in the litigation to the fullest extent provided by law.

## VIII. RESERVATION OF RIGHTS

10. The Released Claims do not include such matters arising on account of MTBE or gasoline containing MTBE, if any, that TPRI, after the date of this Agreement, may (i) design, test, manufacture, refine, or blend or (ii) market, handle, sell, exchange, import, or distribute into or within the State. It is specifically understood and agreed that the Released Claims include all matters arising on account of MTBE or gasoline containing MTBE that TPRI designed, tested, manufactured, refined, blended, marketed, handled, sold, exchanged, imported, supplied, distributed or otherwise used or transacted at any time or place up to and including the date of this Agreement.

11. Notwithstanding any provision to the contrary herein, the Released Claims are not intended, and shall not be construed, to include or limit in any way the State's right to sue to compel, or take administrative action to compel, TPRI to respond to any spill, release, or discharge, or to bear the costs of such response, from a facility directly owned or operated by TPRI at the time any spill, release, or discharge occurred; provided, however, that the State shall not assert claims based on the mere presence of MTBE in gasoline, including for negligence, products liability or failure to warn, or other common law claims, nor shall the State seek punitive damages based on the mere presence of MTBE in gasoline.

12. Nothing in this Consent Judgment is intended to affect in any way TPRI's obligations, if any, with respect to performance of any investigation, testing, monitoring, treatment, remediation, and/or other restoration otherwise required of TPRI by the RI

DEM, such as initial site characterization, site investigation, initial response action, interim response action, periodic sampling, remedial investigation, identification of constituents of concern, feasibility study, remedy selection, remedial action, implementation of an activity and use restriction, and/or implementation of corrective action, with respect to regulated contaminants or hazardous waste, regardless of the presence or absence of MTBE, to the extent TPRI in the past, currently, or in the future:

  i. directly owned or operated the facility or transportation device from which a release or discharge occurred at the time when the release or discharge occurred; or

  ii. directly released or discharged waste or hazardous materials; or

  iii. directly arranged for the disposal of waste or hazardous materials.

13. For purposes of this Consent Judgment, the mere franchising or branding of a third party by TPRI or presence of TPRI's gasoline at a third party's facility shall not constitute direct ownership or operation by TPRI; and the mere presence of MTBE in gasoline refined or supplied by TPRI shall not constitute arranging for the disposal of waste or hazardous materials by TPRI within the meaning of subdivision (iii) above.

14. To the extent that TPRI possessed any claims against the State arising from and directly related to the Released Claims that were existing and could have been brought in the litigation, TPRI hereby releases such claims, including any claims for attorneys' fees, payments, and other costs arising from said claims or the resolution of such claims.

## IX. MISCELLANEOUS

15. TPRI shall pay all expenses, including reasonable attorneys' fees and costs, reasonably incurred by the State in the event the State takes action to enforce this Consent Judgment.

16. Each Party agrees to take any such actions as may be reasonably required to carry out the terms of this Consent Judgment.

17. The titles in this Consent Judgment have no independent legal significance and are merely used for the convenience of the Parties.

18. In computing any period of time under this Consent Judgment, where the last day would fall on a Saturday, Sunday, or State or Federal holiday, the period shall run until the close of the business of the next Business Day.

19. The Parties individually represent that they have not sold, assigned, conveyed, disposed of, granted a security interest in or lien on, or otherwise transferred any claim purported to be released by this Consent Judgment.

20. The State acknowledges and agrees that neither this Consent Judgment, nor any document delivered hereunder, is intended to be or shall be construed as or deemed to be evidence of any alleged liability or wrongdoing by TPRI. TPRI expressly denies any and all liability associated with or related to the Released Claims.

21. The State and TPRI acknowledge and agree that this Consent Judgment, along with all related drafts, motions, court papers, conversations, negotiations and correspondence, the payment by TPRI, and all statements made in connection with the negotiation of this Agreement, constitute an offer to compromise and a compromise within the meaning of

Federal Rule of Evidence 408, and any equivalent code or common law rule of evidence of any state.

22. The State and TPRI agree that they will not offer the Consent Judgment, any document or instrument delivered hereunder, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of the Consent Judgment, as evidence in this or any other proceeding for any purpose, except in (i) a proceeding the sole purpose of which is to enforce the terms of the Consent Judgment, (ii) any proceeding to establish an insurance or reinsurance claim by TPRI, or (iii) any other proceeding where such admission is necessary to effectuate the terms of the Consent Judgment.

## X. RETENTION OF JURISDICTION

23. The Court shall retain jurisdiction to modify and/or enforce the terms and conditions of this Consent Judgment and to resolve disputes arising hereunder as may be necessary and appropriate for the construction or execution of the Consent Judgment.

## XI. INTEGRATION

24. This Consent Judgment constitutes the final, complete and exclusive understanding among the Parties with respect to the settlement agreement embodied in the Consent Judgment. The Parties expressly acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Judgment.

## XII. SIGNATORIES

25. The undersigned representatives of the Parties each certify that he or she is fully authorized to enter into the terms and conditions of this Consent Judgment and to execute and legally bind such Party to this document.

## XIII. FINAL JUDGMENT

26. Upon approval and entry of this Consent Judgment by the Court, this Consent Judgment shall constitute a final judgment between the State and TPRI. The Parties shall bear their own costs and fees.

IT IS SO ORDERED THIS __31st__ DAY OF __March__ 2021

_____
Honorable William E. Smith
United States District Court Judge

THE UNDERSIGNED PARTIES enter into this Consent Judgment in the matter of *State of Rhode Island v. Atlantic Richfield Co., et al* (United States District Court for the District of Rhode Island).

FOR THE STATE OF RHODE ISLAND

PETER F. NERONHA
ATTORNEY GENERAL

By: *Neil F.X. Kelly*
Neil F.X. Kelly
Assistant Attorney General

Dated: Mar. 29, 2021

**FOR TOTAL PETROCHEMICALS & REFINING USA, INC.**

Vincent Stoquart          CEO
_____
Name and Title

DocuSigned by:
*Vincent Stoquart*
1EA04D999CD3424...
_____
Signature

Dated: 2/4/2021

# EXHIBIT A

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

State of Rhode Island,

   Plaintiff

v.

Atlantic Richfield Company, et al.,

   Defendants.

1:17-cv-00204-WES-PAS

### JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff State of Rhode Island and Defendant Total Petrochemicals & Refining USA, Inc. ("TPRI") hereby stipulate to the voluntary dismissal with prejudice of all claims against TPRI in this action, with each party bearing its own attorneys' fees and costs and all rights of appeal waived.

Dated at _____, Rhode Island this \_\_\_\_day of _____, 2021.

ATTORNEY GENERAL PETER F. NEROHNA

By: _____
Neil F.X. Kelly
Assistant Attorney General and Deputy Chief of the Civil Division (Bar No. 4515)
150 South Main Street
Providence, RI 02903
Phone: (401) 274-4400 ext. 2284
Email: nkelly@riag.ri.gov

Carla Burke Pickrel (admitted *pro hac vice*)
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219-3605
Phone: (214) 521-3605
Email: cburkepickrel@baronbudd.com

Benjamin A. Krass (admitted *pro hac vice*)
Hagens Berman Sobol Shapiro LLP
1280 Centre Street, Suite 230
Newton Centre, MA 02459
Phone: (617) 641-9550
Email: benk@hbsslaw.com

William A. Walsh (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Phone: (212) 558-5500
Email: wwalsh@weitzlux.com

*Attorneys for the State of Rhode Island*

PADWA LAW LLC

By: /s/ Jeffrey Padwa
Jeffrey Padwa (#5130)
Padwa Law LLC
One Park Row, 5th Floor
Providence, RI 02903
Phone: (401) 935-8571
Email: jpadwa@padwalaw.com

JONES DAY

By: /s/ Christopher H. Domingo
Christopher H. Domingo (*pro hac vice*)
Diane L. Myers (*pro hac vice*)
717 Texas, Suite 3300
Houston, TX 77002
Phone: (832) 239-3939
Fax: (832) 239-3600
Email: chdomingo@jonesday.com
Email: dmyers@jonesday.com

Traci L. Lovitt (*pro hac vice*)
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3939
Fax: (212) 755-7306
Email: tlovitt@jonesday.com

*Attorneys for Total Petrochemicals & Refining USA, Inc.*