# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND, | : |
| Plaintiff, | : |
| vs. | : 1:17-cv-00204-WES-PAS |
| ATLANTIC RICHFIELD COMPANY, et al., | : |
| Defendants. | : |

## CONSENT JUDGMENT AS AMONG PLAINTIFF AND DEFENDANT HESS CORPORATION

## INTRODUCTION

WHEREAS, Plaintiff, the State of Rhode Island (the "State"), acting by and through the Attorney General, Peter F. Neronha, filed the Complaint in this matter against the Defendant Hess Corporation (f/k/a Amerada Hess Corporation) ("Hess") in Rhode Island Superior Court, Providence County; and

WHEREAS, on May 11, 2017, the defendants, including Hess, removed the litigation, originally brought in Rhode Island Superior Court, Providence County, to the United States District Court, District of Rhode Island; and

WHEREAS, Hess is a corporation organized under the state of Delaware with its principal place of business at 1185 Avenue of the Americas, New York, New York 10036; and

WHEREAS, the State's Complaint alleged that in addition to manufacturing and/or supplying methyl tertiary butyl ether, a chemical contained in some gasoline, and tert butyl alcohol, a degradation product of MTBE (together, "MTBE") or gasoline containing MTBE for sale within the State, Hess promoted, marketed, distributed, supplied, and sold MTBE, gasoline, and other petroleum products (collectively referred to as "gasoline") containing MTBE, when Hess knew or reasonably should have known that MTBE would be released into the environment and cause contamination of property, water, water supplies, and wells throughout the State in violation of federal and state law; and

WHEREAS, the State's Complaint also alleged that Hess is liable for polluting groundwater as prohibited by R.I. Gen. Laws §§ 46-12-5 and 46-12-21; liable for reimbursing the State's expenditures related to MTBE contamination, per 42 U.S.C. § 6991b, R.I. Gen. Laws § 46-12.9-5, and any other applicable provisions; strictly liable for manufacturing and supplying a defective product; strictly liable for failing to provide adequate warnings in connection with that product;

liable for negligently causing damage to the property and waters of the State and to the property of citizens of the State; liable for creating a public nuisance; liable for creating a private nuisance; liable for trespass upon the waters of the State and upon property of citizens of the State; liable for unreasonably interfering with the use and enjoyment of public trust resources; liable as co-conspirators with other defendants; and liable for all resulting damages; and

WHEREAS, the State's Complaint seeks injunctive and equitable relief to abate the alleged continuing nuisance and trespass by removing MTBE from soil and groundwater; and

WHEREAS, the State's Complaint seeks compensatory and punitive damages arising from MTBE contamination of natural resources, public trust resources, groundwater, release sites, public drinking water supply wells, private drinking water supply wells, and other State and public properties and waters; and

WHEREAS, the State and Hess have reached an agreement to resolve the State's claims against Hess (this "Agreement"); and

WHEREAS, the State and Hess desire to resolve finally and fully all claims that have been or hereafter could be asserted against Hess by the State on its own behalf or in any other capacity, arising out of the design, manufacture, marketing, distribution, supply, sale, handling, and/or storage of MTBE and/or gasoline containing MTBE, without the necessity of further expense of prolonged and complex litigation, and without admission, adjudication or determination of any issue of fact or law other than has already been adjudicated by the Court in this litigation; and

WHEREAS, Hess enters into this Consent Judgment without admitting or denying the facts or allegations set forth herein or in the Complaint, except as provided in Section III (Jurisdiction and Venue), and Hess agrees, however, not to contest such facts and allegations as necessary for purpose of the entry or enforcement of this Consent Judgment; and

WHEREAS, the State and Hess agree that the settlement of this matter has been negotiated in good faith and at arm's length, that implementation of the Consent Judgment is consistent with the goals of the state and federal laws as referenced above, is in the public interest, and is an appropriate means to resolve this case.

NOW, THEREFORE, based on the Motion for Entry of this Consent Judgment and once the Consent Judgment is entered the State and Hess will file a Joint Stipulation of Dismissal with Prejudice before taking any testimony and without the adjudication of any issue of fact or law except as provided in Section III (Jurisdiction and Venue), it is **ADJUDGED, ORDERED, AND DECREED**, as follows:

### I. DEFINITIONS

1. Whenever the following terms are used in this Consent Judgment, the definition specified hereafter shall apply:

(a) "Attorney General" shall mean the Rhode Island Office of the Attorney General.

(b) "State" shall mean the State of Rhode Island.

(c) "Day" shall mean a calendar day.

(d) "Defendant" or "Hess" shall mean Hess Corporation (f/k/a Amerada Hess Corporation), a corporation organized under the state of Delaware with its principal place of business at 1185 Avenue of the Americas, New York, New York 10036.

(e) "Business Day" shall mean a day other than a Saturday, Sunday, or a State or federal holiday.

(f) "Effective Date" shall mean the date that this Consent Judgment is entered as a final judgment by the United States District Court for the District of Rhode Island.

(g) "MTBE" means methyl tertiary butyl ether, tert-butyl alcohol ("TBA") and any other associated breakdown products of the compounds or trace chemicals contained in these products.

(h) "Paragraph" shall mean a portion of this Consent Judgment identified by an Arabic numeral.

(i) "Parties" shall mean the Plaintiff State and the Defendant Hess and any successors in interest to Defendant.

(j) "Released Claims" means any and all legal claims, demands, actions, causes of action, suits, obligations, assessments, damages, injunctive or other equitable relief, declaratory relief, liabilities, judgments, penalties, remedies of any kind, rights, matters, liens, losses, duties, investigation costs, response costs, restoration costs, and assertion of entitlement to any other cost, loss or expense, including without limitation attorneys' fees, expert witness fees, consultant fees, interest, and any other litigation-related fees and costs of every kind, nature, description, or character whatsoever, whether legal or equitable, past, present, or future, ascertained or unascertained, known or unknown, suspected or unsuspected, arising under State or federal statutory or common-law, that the State has asserted or could assert in the future against Hess, including but not limited to direct claims, *parens patriae* claims, and/or assigned claims, arising from: 1) the design, testing, manufacture, refining, blending, handling, use, promotion, marketing, exchange, import, distribution, supply, sale, branding, storage, and/or other use of MTBE and gasoline containing MTBE and/or 2) the actual, potential or threatened presence of or contamination from MTBE, at any concentration level, in the soil and/or in the waters of Rhode Island, whether surface or subsurface waters and whether or not

accessed or accessible in the past, present or future by wells or other intakes, or in any other medium located anywhere, except as provided in Section VIII.

(k) "Section" shall mean a portion of this Consent Judgment identified by a Roman numeral.

(l) "Subparagraph" means a portion of this Consent Judgment identified by a lowercase letter.

## II. STATEMENT OF PURPOSE

2. This Consent Judgment is a compromise that fully and finally settles, releases, and forever discharges, with prejudice, the Released Claims between the State and Hess including its current, former and future (direct and indirect) parents, affiliated, related, subsidiary, predecessor and successor companies, joint venture companies, and partnerships, trusts and other entities, together with each of the foregoing entities' current and former respective directors, officers, partners, members, shareholders, officials, trustees, beneficiaries, employees, agents, affiliates, attorneys, insurance carriers and reinsurers and all successors and assigns. By entering this Consent Judgment, the mutual objective of the Parties is for Hess to make one cash payment, pursuant to Section V, to resolve its alleged liability for compensatory, punitive, and any other damages arising from MTBE contamination, and to resolve all other claims in the Complaint, subject to the Reservation of Rights in Section VIII.

## III. JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to the authority of Section 1503 of the Energy Policy Act of 2005 and 28 U.S.C. §§ 1331, 1441(a)

and 1446. The State and Hess consent to and shall not challenge the entry of this Consent Judgment or this Court's jurisdiction to enter and enforce this Consent Judgment.

### IV. PARTIES BOUND

4. This Consent Judgment applies to and is binding upon the State and Hess.

### V. PAYMENT BY DEFENDANT

5. Within thirty (30) Business Days after the Effective Date of this Consent Judgment, Hess shall pay One Million Four Hundred Thousand Dollars ($1,400,000.00) (the "Hess Settlement Payment"), by check or wire transfer to "Baron & Budd, P.C., in Trust and Settlement of Case State of Rhode Island v. Atlantic Richfield et al. C.A. No. 1:17-cv-00204 WES-PAS." Baron & Budd, P.C. will deduct its fees from the payment and deliver the net amount due via check made payable to the R.I. Department of Environmental Management (RI DEM), Environmental Response Fund, receipt restricted account ("Designated Fund") and shall be delivered to:

> Mary Kay
> Chief Legal Counsel
> Rhode Island Department of Environmental Management
> 235 Promenade Street
> Providence, RI 02908-5767
> Reference: State v. Atlantic Richfield (Hess Settlement)

### VI. THE STATE'S OBLIGATIONS WITH RESPECT TO THE PAYMENT

6. The portion of the Hess Settlement Payment paid to the Designated Fund shall be deposited in an interest-bearing account and held in that account in escrow until the "Joint Stipulation of Dismissal With Prejudice" is entered by the United State District Court, District of Rhode Island, after which the proceeds shall be deposited into the Environmental

Response Fund receipt restricted account with the RI DEM to be used solely to fund water remediation and restoration projects in Rhode Island and the legal and administrative costs associated with these projects pursuant to the Consent Judgment.. The settlement proceeds paid by Defendant Hess to Baron & Budd, P.C. and delivered by Baron & Budd, P.C. to RI DEM pursuant to this Consent Judgment may not be borrowed or used for any other purposes other than as specified in this Paragraph. The Rhode Island Attorney General has responsibility to oversee the distribution and use of the settlement proceeds to ensure that distribution and use are consistent with the terms of the settlement and of this Consent Judgment. Within two (2) business days after Hess has made the payment referenced in Section V, the Parties shall execute and file with the Court to enter the Joint Stipulation of Dismissal With Prejudice in the form annexed hereto as Exhibit A.

### VII. EFFECT OF SETTLEMENT / CONSENT JUDGMENT

7. Nothing in this Consent Judgment shall be construed to create any rights in, or grant any cause of action to, any person or governmental entity not a party to this Consent Judgment. The Parties expressly reserve any and all rights, defenses, claims, demands, and causes of action, which they may have with respect to any matter, transaction, or occurrence relating in any way to the Complaint against any person or governmental entity not a Party hereto. Neither the provision of any consideration hereunder nor anything contained in this Consent Judgment shall be interpreted or construed to be an admission of liability, or any fact or point of law on the part of, or to the prejudice of, the Parties to this Consent Judgment.

8. Upon compliance with the requirements of Section V (Payment by Hess), and except as provided in Section VIII (Reservation of Rights), this Consent Judgment shall resolve Hess' alleged liability for all claims alleged against it in the State's Complaint.

9. Upon compliance with the requirements of Section V (Payment by Hess), and except as provided in Section VIII (Reservation of Rights), this Consent Judgment shall fully and finally settle, release, and forever discharge, with prejudice, the Released Claims between the State and Hess including its current, former and future (direct and indirect) parents, affiliated, related, subsidiary, predecessor and successor companies, joint venture companies, and partnerships, trusts and other entities, together with each of the foregoing entities' current and former respective directors, officers, partners, members, shareholders, officials, trustees, beneficiaries, employees, agents, affiliates, attorneys, insurance carriers and reinsurers and all successors and assigns.

10. The release contained in this Agreement is given in good faith by the State to Hess and, subject to Section VIII, discharges Hess from all liability for contribution in the litigation to the fullest extent provided by law.

### VIII. RESERVATION OF RIGHTS

11. The Released Claims do not include such matters arising on account of MTBE or gasoline containing MTBE, if any, that Hess, after the date of this Agreement, may (i) design, test, manufacture, refine, or blend or (ii) market, handle, sell, exchange, import, or distribute into or within the State.

12. Notwithstanding any provision to the contrary herein, the Released Claims are not intended, and shall not be construed, to include or limit in any way the State's right to sue to compel, or take administrative action to compel, Hess to respond to any spill, release, or

discharge, or to bear the costs of such response, from a facility directly owned or operated by Hess at the time any spill, release, or discharge occurred.

13. Nothing in this Consent Judgment is intended to affect in any way Hess' obligations, if any, with respect to performance of any investigation, testing, monitoring, treatment, remediation, and/or other restoration otherwise required of Hess by the RI DEM, such as initial site characterization, site investigation, initial response action, interim response action, periodic sampling, remedial investigation, identification of constituents of concern, feasibility study, remedy selection, remedial action, implementation of an activity and use restriction, and/or implementation of corrective action, with respect to regulated contaminants or hazardous waste, regardless of the presence or absence of MTBE. To the extent that Hess possessed any claims against the State arising from and directly related to the Released Claims that were existing and could have been brought in the litigation, Hess hereby releases all such claims, including any claims for attorneys' fees, payments, and other costs arising from said claims or the resolution of such claims.

## IX. MISCELLANEOUS

14. The State and Hess agree that the other shall pay all expenses, including reasonable attorneys' fees and costs, reasonably incurred by the other Party in the event it takes action to enforce this Consent Judgment.

15. Each Party agrees to take any such actions as may be reasonably required to carry out the terms of this Consent Judgment.

16. The titles in this Consent Judgment have no independent legal significance and are merely used for the convenience of the Parties.

17. In computing any period of time under this Consent Judgment, where the last day would fall on a Saturday, Sunday, or State or Federal holiday, the period shall run until the close of the business of the next Business Day.

18. The Parties individually represent that they have not sold, assigned, conveyed, disposed of, granted a security interest in or lien on, or otherwise transferred any claim purported to be released by this Consent Judgment.

19. The State acknowledges and agrees that neither this Consent Judgment, nor any document delivered hereunder, is intended to be or shall be construed as or deemed to be evidence of any alleged liability or wrongdoing by Hess. Hess expressly denies any and all liability associated with or related to the Released Claims.

20. The State and Hess acknowledge and agree that this Consent Judgment, along with all related drafts, motions, court papers, conversations, negotiations and correspondence, the payment by Hess, and all statements made in connection with the negotiation of this Agreement, constitute an offer to compromise and a compromise within the meaning of Federal Rule of Evidence 408, and any equivalent code or common law rule of evidence of any state.

21. The State and Hess agree that they will not offer the Consent Judgment, any document or instrument delivered hereunder, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of the Consent Judgment, as evidence in this or any other proceeding for any purpose, except in (i) a proceeding the sole purpose of which is to enforce the terms of the Consent Judgment, (ii) any proceeding to establish an insurance or reinsurance claim by Hess, or (iii) any other proceeding where such admission is necessary to effectuate the terms of the Consent Judgment.

22.  For purposes of the identification requirement of Section 162(f)(2)(A)(ii) of the Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), the amounts paid under Paragraph 5 of this agreement are for restitution or are required to come into compliance with law.

## X.  RETENTION OF JURISDICTION

23.  The Court shall retain jurisdiction to modify and/or enforce the terms and conditions of this Consent Judgment and to resolve disputes arising hereunder as may be necessary and appropriate for the construction or execution of the Consent Judgment.

## XI.  INTEGRATION

24.  This Consent Judgment constitutes the final, complete and exclusive understanding among the Parties with respect to the settlement agreement embodied in the Consent Judgment. The Parties expressly acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Judgment.

## XII.  SIGNATORIES

25.  The undersigned representatives of the Parties each certify that he or she is fully authorized to enter into the terms and conditions of this Consent Judgment and to execute and legally bind such Party to this document.

## XIII. FINAL JUDGMENT

26. Upon approval and entry of this Consent Judgment by the Court, this Consent Judgment shall constitute a final judgment between the State and Hess. The Parties shall bear their own costs and fees.

IT IS SO ORDERED THIS __27th__ DAY OF __December__ 2021

*WESmith*

Honorable William E. Smith
United States District Court Judge

THE UNDERSIGNED PARTIES enter into this Consent Judgment in the matter of *State of Rhode Island v. Atlantic Richfield Co., et al* (United States District Court for the District of Rhode Island).

**FOR THE STATE OF RHODE ISLAND**

PETER F. NERONHA
ATTORNEY GENERAL

By: _____
Alison B. Hoffman
Special Assistant Attorney General

Dated: 11/15/21

**FOR HESS CORPORATION**

TIMOTHY GOODELL
EVP GENERAL COUNSEL CORP SECRETARY AND CHIEF COMPLIANCE OFFICER

_____
Signature

Dated: November 11, 2021