# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| _____ : | |
| STATE OF RHODE ISLAND, : | |
| : | |
| Plaintiff, : | |
| : | 1:17-cv-00204-WES-PAS |
| vs. : | |
| : | |
| ATLANTIC RICHFIELD COMPANY, et al., : | |
| : | |
| Defendants. : | |
| _____ : | |

## CONSENT JUDGMENT AS AMONG PLAINTIFF AND DEFENDANTS CITGO PETROLEUM CORPORATION, CITGO REFINING AND CHEMICALS COMPANY L.P., PDV MIDWEST REFINING, L.L.C., EQUILON ENTERPRISES LLC, MOTIVA ENTERPRISES LLC, SHELL OIL COMPANY, SHELL OIL PRODUCTS COMPANY LLC, SHELL PETROLEUM, INC., SHELL TRADING (US) COMPANY, SUNOCO, INC. (R&M), AND TMR COMPANY

## INTRODUCTION

WHEREAS, Plaintiff, the State of Rhode Island (the "State"), acting by and through the Attorney General, Peter F. Neronha, filed the Complaint in this matter against the Defendants CITGO Petroleum Corporation, CITGO Refining and Chemicals Company L.P., PDV Midwest Refining, L.L.C. (collectively, the "CITGO Defendants"), Equilon Enterprises LLC (d/b/a Shell Oil Products US) named individually, and as successor-by-merger to Equiva Services LLC, Motiva Enterprises LLC (named as f/k/a Star Enterprises LLC), Shell Oil Company, Shell Oil Products Company LLC (d/b/a Shell Oil Products Company), Shell Petroleum, Inc., Shell Trading (US) Company (named individually, and as f/k/a Equiva Trading Company and d/b/a STUSCO), and TMR Company (named as f/k/a Texaco Refining and Marketing, Inc., individually, and as successor-by-merger to TRME Company (f/k/a Texaco Refining and Marketing (East), Inc.)), (collectively, the "Shell Defendants"), and Sunoco, Inc. (R&M), now known as Sunoco (R&M), LLC (f/k/a Sun Company, Inc. (R&M), Sun Refining and Marketing Company, and Sun Oil Company of Pennsylvania) ("Sunoco"), in Rhode Island Superior Court, Providence County; and

WHEREAS, on May 11, 2017, the defendants removed the Litigation, originally brought in Rhode Island Superior Court, Providence County, to the United States District Court, District of Rhode Island; and

WHEREAS, the State's Complaint alleged that in addition to manufacturing and/or supplying MTBE or gasoline containing MTBE for sale within the State, the Shell Defendants, Sunoco, and the CITGO Defendants promoted, marketed, distributed, supplied, and sold MTBE, gasoline, and other petroleum products (collectively referred to as "gasoline") containing MTBE, when these Defendants knew or reasonably should have known that MTBE would be released into

the environment and cause MTBE and/or TBA contamination of property, water, water supplies, and wells throughout the State in violation of federal and state law; and

WHEREAS, the State's Complaint also alleged that these Defendants are liable for polluting groundwater as prohibited by R.I. Gen. Laws §§ 46-12-5 and 46-12-21; liable for reimbursing the State's expenditures related to MTBE contamination, per 42 U.S.C. § 6991b, R.I. Gen. Laws § 46-12.9-5, and any other applicable provisions; strictly liable for manufacturing and supplying a defective product; strictly liable for failing to provide adequate warnings in connection with that product; liable for negligently causing damage to the property and waters of the State and to the property of citizens of the State; liable for creating a public nuisance; liable for creating a private nuisance; liable for trespass upon the waters of the State and upon property of the State and citizens of the State; liable for unreasonably interfering with the use and enjoyment of public trust resources; liable as co-conspirators with other defendants; and liable for all resulting damages; and

WHEREAS, the State's Complaint seeks injunctive and equitable relief to abate the alleged continuing nuisance and trespass by removing MTBE from soil and groundwater; and

WHEREAS, the State's Complaint seeks restitution, remediation and compensatory and punitive damages arising from MTBE contamination of natural resources, public trust resources, groundwater, release sites, public drinking water supply wells, private drinking water supply wells, and other State and public properties and waters; and

WHEREAS, the State and the Shell Defendants, Sunoco, and the CITGO Defendants have reached an agreement to resolve all of the State's claims against the Shell Defendants, Sunoco, and the CITGO Defendants (this "Agreement"); and

WHEREAS, the State and the Shell Defendants, Sunoco, and the CITGO Defendants desire to resolve finally and fully all claims that have been, could have been, or hereafter could be

3

asserted against these Defendants by the State on its own behalf or in any other capacity, including as trustee of natural resources or as *parens patriae*, arising out of the promotion, design, manufacture, marketing, distribution, supply, sale, handling, spillage, release, and/or storage of MTBE and/or gasoline containing MTBE, without the necessity of further expense of prolonged and complex litigation, and without admission, adjudication or determination of any issue of fact or law other than has already been adjudicated by the Court in this Litigation; and

WHEREAS, the Shell Defendants, Sunoco, and the CITGO Defendants enter into this Consent Judgment without admitting the facts or allegations set forth herein or in the Complaint, except as provided in Section III (Jurisdiction and Venue) and as necessary for purpose of the entry or enforcement of this Consent Judgment, and expressly deny any and all liability associated with or related to the Litigation and the Released Claims and believe they have good and valid defenses to all of the State's claims; and

WHEREAS, the State and the Shell Defendants, Sunoco, and the CITGO Defendants agree that the settlement of this matter has been negotiated in good faith and at arm's length, that implementation of the Consent Judgment is consistent with the goals of the state and federal laws as referenced above, is in the public interest, and is an appropriate means to resolve this case.

NOW, THEREFORE, based on the Motion for Entry of this Consent Judgment and once the Consent Judgment is entered, the State and the Shell Defendants, Sunoco, and the CITGO Defendants will file a Joint Stipulation of Dismissal with Prejudice before taking any testimony and without the adjudication of any issue of fact or law except as provided in Section III (Jurisdiction and Venue), it is **ADJUDGED, ORDERED, AND DECREED**, as follows:

## I.  DEFINITIONS

1.      Whenever the following terms are used in this Consent Judgment, the definition specified hereafter shall apply:

(a)  "Attorney General" shall mean the Rhode Island Office of the Attorney General.

(b)  "State" shall mean the State of Rhode Island.

(c)  "Complaint" or "Litigation" shall mean *State of Rhode Island v. Atlantic Richfield Co., et al.*, originally brought on April 26, 2017 in Rhode Island Superior Court, Providence County, and removed on May 11, 2017 to the United States District Court, District of Rhode Island;

(d)  "Day" shall mean a calendar day.

(e)  "Defendants" shall mean the Shell Defendants, Sunoco and the CITGO Defendants, unless the context indicates otherwise.

(f)  "Business Day" shall mean a day other than a Saturday, Sunday, or a State or federal holiday.

(g)  "Effective Date" shall mean the date that this Consent Judgment is entered as a final judgment by the United States District Court for the District of Rhode Island.

(h)  "MTBE" means methyl tertiary butyl ether, tert-butyl alcohol ("TBA") and any other associated breakdown products of the compounds, impurities or trace chemicals contained in these products.

(i)  "Paragraph" shall mean a portion of this Consent Judgment identified by an Arabic numeral.

(j) "Parties" (and individually referred to as a "Party") shall mean the Plaintiff State and the Shell Defendants, Sunoco, and the CITGO Defendants and any successors in interest to Defendants.

(k) "Released Claims" means any and all legal claims, demands, actions, causes of action, suits, obligations, assessments, damages, injunctive or other equitable relief, declaratory relief, liabilities, judgments, penalties, remedies of any kind, rights, matters, liens, losses, duties, investigation costs, response costs, restoration costs, natural resource damages, and assertion of entitlement to any other cost, loss or expense, including without limitation attorneys' fees, expert witness fees, consultant fees, interest, and any other litigation-related fees and costs of every kind, nature, description, or character whatsoever, whether legal or equitable, past, present, or future, ascertained or unascertained, known or unknown, suspected or unsuspected, arising under State or federal statute, regulation or common law, or in equity, that the State asserted or could have asserted in this Litigation, or could assert in the future against the Shell Defendants, Sunoco, and the CITGO Defendants, or any one or more of them, including but not limited to direct claims, *parens patriae* claims, and/or assigned claims, arising from: 1) the use of MTBE in gasoline at any time and for any reason; 2) the design, testing, manufacture, refining, blending, handling, use, promotion, marketing, exchange, import, distribution, supply, sale, branding, storage, and/or other use of MTBE or gasoline containing MTBE, including all warnings or other communications relating to the marketing, use, sale, and supply of MTBE as a gasoline component or additive; and/or 3) the actual, potential or threatened presence of or contamination from MTBE, at any concentration level, in the soil and/or in the waters of Rhode Island, whether surface or

6

subsurface waters and whether or not accessed or accessible in the past, present or future by wells or other intakes, or in any other medium located anywhere, except as provided in Section VIII.

(l) "Section" shall mean a portion of this Consent Judgment identified by a Roman numeral.

(m) "Subparagraph" means a portion of this Consent Judgment identified by a lowercase letter.

## II. STATEMENT OF PURPOSE

2.      This Consent Judgment is a compromise that fully and finally settles, releases, and forever discharges, with prejudice, the Released Claims between the Parties including their current, former and future (direct and indirect) parents, affiliated, related, subsidiary, predecessor and successor companies, joint venture companies, and partnerships, trusts and other entities, together with each of the foregoing entities' current and former respective directors, officers, partners, members, shareholders, officials, trustees, beneficiaries, employees, agents, affiliates, attorneys, insurance carriers and reinsurers and all successors and assigns. By entering this Consent Judgment, the mutual objective of the Parties is for the Shell Defendants, Sunoco, and the CITGO Defendants to make one cash payment, pursuant to Section V, the sufficiency of which is hereby acknowledged and in consideration of the mutual promises, obligations and commitments set forth below, to resolve their alleged liability for compensatory, punitive, and any other damages arising from MTBE contamination, and to resolve all other claims in the Complaint, subject to the Reservation of Rights in Section VIII.

## III.    JURISDICTION AND VENUE

3.    This Court has jurisdiction over the subject matter of this action pursuant to the authority of Section 1503 of the Energy Policy Act of 2005 and 28 U.S.C. §§ 1331, 1441(a) and 1446. The Parties consent to and shall not challenge the entry of this Consent Judgment or this Court's jurisdiction to enter and enforce this Consent Judgment.

## IV.    PARTIES BOUND

4.    This Consent Judgment applies to and is binding upon the Parties.

## V.    PAYMENT BY DEFENDANT

5.    The Shell Defendants, Sunoco, and the CITGO Defendants have agreed to pay to the State the aggregate sum of $15,000,000.00 (the "Settlement Payment"), to resolve all of the Released Claims.  At Defendants' option, they may make the payment through an escrow agent or other third party.  Within forty-five (45) Days after the Effective Date of this Consent Judgment, Defendants shall pay the Settlement Payment, by check or wire transfer to "Baron & Budd, P.C., in Trust and Settlement of Case State of Rhode Island v. Atlantic Richfield et al. C.A. No. 1:17-cv-00204 WES-PAS."  Baron & Budd, P.C. will deduct its fees from the payment and deliver the net amount due via check made payable to the R.I. Department of Environmental Management (RI DEM), Environmental Response Fund, receipt restricted account ("Designated Fund") and shall be delivered to:

Mary Kay
Chief Legal Counsel
Rhode Island Department of Environmental Management
235 Promenade Street
Providence, RI 02908-5767
Reference: State v. Atlantic Richfield
(Shell, Sunoco, and CITGO Settlement)

## VI.   THE STATE'S OBLIGATIONS WITH RESPECT TO THE PAYMENT

6.      The portion of the Settlement Payment paid to the Designated Fund shall be deposited in an interest-bearing account and held in that account in escrow until the "Joint Stipulation of Dismissal With Prejudice" is entered by the United States District Court, District of Rhode Island, after which the proceeds shall be deposited into the Environmental Response Fund receipt restricted account with the RI DEM to be used solely to fund water remediation and restoration projects in Rhode Island and the legal and administrative costs associated with these projects pursuant to the Consent Judgment.  The settlement proceeds paid by the Shell Defendants, Sunoco, and the CITGO Defendants to Baron & Budd, P.C. and delivered by Baron & Budd, P.C. to RI DEM pursuant to this Consent Judgment may not be borrowed or used for any other purposes other than as specified in this Paragraph. The Rhode Island Attorney General has responsibility to oversee the distribution and use of the settlement proceeds to ensure that distribution and use are consistent with the terms of the settlement and of this Consent Judgment.  Within two (2) business days after the Shell Defendants, Sunoco, and the CITGO Defendants have made the payment referenced in Section V, the Parties shall execute and file with the Court to enter the Joint Stipulation of Dismissal With Prejudice in the form annexed hereto as Exhibit A.

## VII.   EFFECT OF SETTLEMENT / CONSENT JUDGMENT

7.      Nothing in this Consent Judgment shall be construed to create any rights in, or grant any cause of action to, any person or governmental entity not a party to this Consent Judgment. The Parties expressly reserve any and all rights, defenses, claims, demands, and causes of action, which they may have with respect to any matter, transaction, or occurrence relating in any way to the Complaint against any person or governmental entity not

a Party hereto. This Agreement is a compromise of disputed claims that fully and finally settles all claims in the Litigation by the State against the Defendants as well as all of the Released Claims, as set forth above. Neither the provision of any consideration hereunder nor anything contained in this Consent Judgment shall be interpreted or construed to be an admission of liability, or any fact or point of law on the part of, or to the prejudice of, the Parties to this Consent Judgment. The Defendants expressly deny any and all liability associated with or related to the Litigation and the Released Claims. The Defendants believe they have good and valid defenses to all of the State's claims, but wish to resolve this lawsuit and claims to avoid the costs, expense, and uncertainty inherent in the Litigation.

8.      Upon compliance with the requirements of Section V (Payment by the Shell Defendants, Sunoco, and the CITGO Defendants), and except as provided in Section VIII (Reservation of Rights), this Consent Judgment shall resolve the alleged liability of the Shell Defendants, Sunoco, and the CITGO Defendants for all claims alleged against these Defendants in the State's Complaint.

9.      Upon compliance with the requirements of Section V (Payment by the Shell Defendants, Sunoco, and the CITGO Defendants), and except as provided in Section VIII (Reservation of Rights), this Consent Judgment shall fully and finally settle, release, and forever discharge, with prejudice, the Released Claims between the State and these Defendants including their current, former and future (direct and indirect) parents, affiliated, related, subsidiary, predecessor and successor companies, joint venture companies, and partnerships, trusts and other entities, together with each of the foregoing entities' current

and former respective directors, officers, partners, members, shareholders, officials, trustees, beneficiaries, employees, agents, affiliates, attorneys, insurance carriers and reinsurers and all successors and assigns.

10.     The release contained in this Agreement is given in good faith by the State to the Shell Defendants, Sunoco, and the CITGO Defendants and, subject to Section VIII, discharges each of these Defendants from all liability for contribution in the Litigation to the fullest extent provided by law.

### VIII.    RESERVATION OF RIGHTS

11.     The Released Claims do not include such matters arising on account of MTBE or gasoline containing MTBE, if any, that the Shell Defendants, Sunoco, and the CITGO Defendants, after the date of this Agreement, may (i) design, test, manufacture, refine, or blend or (ii) market, handle, sell, exchange, import, or distribute into or within the State.

12.     Notwithstanding any provision to the contrary herein, the Released Claims are not intended, and shall not be construed, to include or limit in any way the State's right to sue to compel, or take administrative action to compel, the Shell Defendants, Sunoco, and the CITGO Defendants to respond to any spill, release, or discharge, or to bear the costs of such response, from a facility directly owned or operated by the Shell Defendants, Sunoco, and the CITGO Defendants at the time any spill, release, or discharge occurred. For purposes of this Agreement, the mere franchising or branding of a third party by a Defendant or presence of a Defendant's gasoline at a third party's facility shall not constitute direct ownership or operation by a Defendant.

13.     Nothing in this Consent Judgment is intended to affect in any way these Defendants' obligations, if any, with respect to performance of any investigation, testing, moni-

toring, treatment, remediation, and/or other restoration otherwise required of these Defendants by the RI DEM, such as initial site characterization, site investigation, initial response action, interim response action, periodic sampling, remedial investigation, identification of constituents of concern, feasibility study, remedy selection, remedial action, implementation of an activity and use restriction, and/or implementation of corrective action, with respect to regulated contaminants or hazardous waste, regardless of the presence or absence of MTBE, at any facility directly owned or operated by the Shell Defendants, Sunoco, and the CITGO Defendants at the time any spill, release, or discharge occurred. To the extent that the Shell Defendants, Sunoco, or the CITGO Defendants possessed any claims against the State arising from and directly related to the Released Claims that were existing and could have been brought in the Litigation, the Shell Defendants, Sunoco, and the CITGO Defendants hereby release all such claims, including any claims for attorneys' fees, payments, and other costs arising from said claims or the resolution of such claims.

## IX.  MISCELLANEOUS

14.     In the event any Party takes action to enforce the terms of this Consent Judgment, that Party shall be entitled to recover all reasonable expenses, including reasonable attorneys' fees and costs, incurred in enforcing this Consent Judgment from the Party against whom it seeks enforcement if such enforcement action is successful.

15.     Each Party agrees to take any such actions as may be reasonably required to carry out the terms of this Consent Judgment.

16.     The titles in this Consent Judgment have no independent legal significance and are merely used for the convenience of the Parties.

17.     In computing any period of time under this Consent Judgment, where the last day would fall on a Saturday, Sunday, or State or Federal holiday, the period shall run until the close of business of the next Business Day.

18.     The Parties individually represent that they have not sold, assigned, conveyed, disposed of, granted a security interest in or lien on, or otherwise transferred any claim purported to be released by this Consent Judgment.

19.     The State acknowledges and agrees that neither this Consent Judgment, nor any document delivered hereunder, is intended to be or shall be construed as or deemed to be evidence of any alleged liability or wrongdoing by the Shell Defendants, Sunoco, or the CITGO Defendants.  Each Defendant expressly denies any and all liability associated with or related to the Released Claims.

20.     The State and the Shell Defendants, Sunoco, and the CITGO Defendants acknowledge and agree that this Consent Judgment, along with all related drafts, motions, court papers, conversations, negotiations and correspondence, the payment by the Shell Defendants, Sunoco, and the CITGO Defendants, and all statements made in connection with the negotiation of this Agreement, constitute an offer to compromise and a compromise within the meaning of Federal Rule of Evidence 408, and any equivalent code or common law rule of evidence of any state.

21.     The Parties agree that they will not offer the Consent Judgment, any document or instrument delivered hereunder, or any statement, transaction or proceeding in connection with the negotiation, execution or implementation of the Consent Judgment, as evidence in this or any other proceeding for any purpose, except in (i) a proceeding the sole purpose of which is to enforce the terms of the Consent Judgment, (ii) any proceeding to establish

13

an insurance or reinsurance claim by the Shell Defendants, Sunoco, or the CITGO Defendants, (iii) a proceeding to establish an appropriate set-off or credit to a judgment entered or to be entered in favor of the State against an entity other than the Shell Defendants, Sunoco, or the CITGO Defendants, or (iv) any other proceeding where such admission is necessary to effectuate the terms of the Consent Judgment.

22.     For purposes of the identification requirement of Section 162(f)(2)(A)(ii) of the Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), all amounts paid under Paragraph 5 of this Consent Judgment are for restitution, remediation, or are required for Defendants to come into compliance with law, as described in Section VI above.

## X.   RETENTION OF JURISDICTION

23.     The Court shall retain jurisdiction to modify and/or enforce the terms and conditions of this Consent Judgment and to resolve disputes arising hereunder as may be necessary and appropriate for the construction or execution of the Consent Judgment.

## XI.   INTEGRATION

24.     This Consent Judgment constitutes the final, complete and exclusive understanding among the Parties with respect to the settlement agreement embodied in the Consent Judgment.  The Parties expressly acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Judgment.

## XII.   SIGNATORIES

25.     The undersigned representatives of the Parties each certify that he or she is fully authorized to enter into the terms and conditions of this Consent Judgment and to execute and legally bind such Party to this document.

14

## XIII. FINAL JUDGMENT

26.     Upon approval and entry of this Consent Judgment by the Court, this Consent Judgment shall constitute a final judgment between the State and the Shell Defendants, Sunoco, and the CITGO Defendants.  The Parties shall bear their own costs and fees related to this Litigation and to the negotiation, preparation, execution and delivery of this Agreement.


IT IS SO ORDERED THIS _29th_ DAY OF ___April___ 2022


_____

Honorable William E. Smith
United States District Court Judge

THE UNDERSIGNED PARTIES enter into this Consent Judgment in the matter of *State of Rhode Island v. Atlantic Richfield Co., et al* (United States District Court for the District of Rhode Island).

**FOR THE STATE OF RHODE ISLAND**

PETER F. NERONHA
ATTORNEY GENERAL

By: _____
     Alison B. Hoffman
     Special Assistant Attorney General

Dated: 3/28/22

**FOR DEFENDANTS EQUILON ENTERPRISES LLC, SHELL OIL COMPANY, SHELL OIL PRODUCTS COMPANY LLC, SHELL PETROLEUM, INC., SHELL TRADING (US) COMPANY, AND TMR COMPANY**

_____
Name and Title

_____
Signature

Dated: _____

**FOR DEFENDANT MOTIVA ENTERPRISES LLC**

_____
Name and Title

_____
Signature

Dated: _____

THE UNDERSIGNED PARTIES enter into this Consent Judgment in the matter of *State of Rhode Island v. Atlantic Richfield Co., et al* (United States District Court for the District of Rhode Island).

**FOR THE STATE OF RHODE ISLAND**

PETER F. NERONHA
ATTORNEY GENERAL

By: _____

       Alison B. Hoffman
       Special Assistant Attorney General

Dated: _____

**FOR DEFENDANTS EQUILON ENTERPRISES LLC, SHELL OIL COMPANY, SHELL OIL PRODUCTS COMPANY LLC, SHELL PETROLEUM, INC., SHELL TRADING (US) COMPANY, AND TMR COMPANY**

Karen Benetti          Attorney-in-Fact
_____
Name and Title

*karen Benetti*
6D7438C002674CC
_____
Signature

       Mar 23, 2022
Dated: _____

**FOR DEFENDANT MOTIVA ENTERPRISES LLC**

_____
Name and Title

_____
Signature

Dated: _____

16

THE UNDERSIGNED PARTIES enter into this Consent Judgment in the matter of *State of Rhode Island v. Atlantic Richfield Co., et al* (United States District Court for the District of Rhode Island).

**FOR THE STATE OF RHODE ISLAND**

PETER F. NERONHA
ATTORNEY GENERAL

By: _____
       Alison B. Hoffman
       Special Assistant Attorney General

Dated: _____

**FOR DEFENDANTS EQUILON ENTERPRISES LLC, SHELL OIL COMPANY, SHELL OIL PRODUCTS COMPANY LLC, SHELL PETROLEUM, INC., SHELL TRADING (US) COMPANY, AND TMR COMPANY**

_____
Name and Title

_____
Signature

Dated: _____

**FOR DEFENDANT MOTIVA ENTERPRISES LLC**

*Brian Coffman President & CEO*
Name and Title

*Brian Coffman*
Signature

Dated: *March 11, 2022*

16

**FOR DEFENDANT CITGO PETROLEUM CORPORATION**

MACK HOLSTEIN, GENERAL COUNSEL
Name and Title

<u>Signature</u>
Signature

Dated: 3/09/2022

**FOR DEFENDANT CITGO REFINING AND CHEMICALS COMPANY L.P.**

FERNANDO VERA, SECRETARY.
Name and Title

Signature

Dated: 03/09/2022

**FOR DEFENDANT PDV MIDWEST REFINING, L.L.C.**

FERNANDO VERA, SECRETARY
Name and Title

Signature

Dated: 03/09/2022

**FOR DEFENDANT SUNOCO, INC. (R&M)**

Tom Long
Name and Title

Signature

Dated: 3/17/2022

**EXHIBIT A**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

_____

STATE OF RHODE ISLAND,

        Plaintiff,

        v.

ATLANTIC RICHFIELD COMPANY, et al.,

        Defendants.

_____

**1:17-cv-00204-WES-PAS**

### JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

THIS MATTER, having been amicably resolved between Plaintiff State of Rhode Island and CITGO Petroleum Corporation, CITGO Refining and Chemicals Company L.P., PDV Midwest Refining, L.L.C. (collectively, the CITGO Defendants), Equilon Enterprises LLC (d/b/a Shell Oil Products US) named individually, and as successor-by merger to Equiva Services LLC, Motiva Enterprises LLC (named as f/k/a Star Enterprises LLC), Shell Oil Company, Shell Oil Products Company LLC (d/b/a Shell Oil Products Company), Shell Petroleum, Inc., Shell Trading (US) Company (named individually, and as f/k/a Equiva Trading Company and d/b/a STUSCO), and TMR Company (named as f/k/a Texaco Refining and Marketing, Inc., individually, and as successor-by-merger to TRME Company (f/k/a Texaco Refining and Marketing (East), Inc.)), (collectively, the Shell Defendants), and Sunoco, Inc. (R&M), now known as Sunoco (R&M), LLC (f/k/a Sun Company, Inc. (R&M), Sun Refining and Marketing Company, and Sun Oil Company of Pennsylvania) (Sunoco), the parties hereby stipulate to the voluntary dismissal with prejudice of

19

all claims against the Shell Defendants, Sunoco, and the CITGO Defendants in this action, with each party bearing its own attorneys' fees and costs and all rights of appeal waived.

IT IS SO ORDERED THIS _____ DAY OF _____ 2022

_____
Honorable William E. Smith
United States District Court Judge

20

ATTORNEY GENERAL PETER F.
NEROHNA

By: _____
Alison B. Hoffman
Special Assistant Attorney General and (Bar
No. 9811)
150 South Main Street
Providence, RI 02903
Phone:  (401) 274-4400 ext. 2116
Email:  ahoffman@riag.ri.gov

Carla Burke Pickrel (admitted *pro hac vice*)
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219-3605
Phone:  (214) 521-3605
Email:  cburkepickrel@baronbudd.com

Benjamin A. Krass (admitted *pro hac vice*)
Hagens Berman Sobol Shapiro LLP
1280 Centre Street, Suite 230
Newton Centre, MA 02459
Phone:  (617) 641-9550
Email:  benk@hbsslaw.com

William A. Walsh (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Phone:  (212) 558-5500
Email:  wwalsh@weitzlux.com

*Attorneys for the State of Rhode Island*

FOR RELEASED PARTIES:

By: _____
Matthew J. McBurney
Richard E. Wallace (pro hac vice)
Peter C. Condron (pro hac vice)
Harmon (Monty) L. Cooper (pro hac vice)
CROWELL & MORING LLP
1001 Pennsylvania Ave. NW
Washington, DC 20004
(202) 624-2500
mmcburney@crowell.com
RWallace@crowell.com
pcondron@crowell.com
MCooper@crowell.com

*Attorneys for Equilon Enterprises LLC, Mo-
tiva Enterprises LLC, Shell Oil Company,
Shell Oil Products Company LLC, Shell Petro-
leum Inc., Shell Trading (US) Company and
TMR Company*

By:   /s/ Lisa S. Meyer
John E. Bulman (#3147)
Stephen J. MacGillivray (#5416)
PIERCE ATWOOD LLP
72 Pine Street 5th Floor
Providence, RI 02903
401-490-3435
jbulman@pierceatwood.com
smacgillivray@pierceatwood.com

Nathan P. Eimer (*pro hac vice*)
Pamela R. Hanebutt (*pro hac vice*)
Lisa S. Meyer (*pro hac vice*)
Susan M. Razzano (*pro hac vice*)
EIMER STAHL LLP
224 S. Michigan Avenue Suite 1100
Chicago, IL  60604
312-660-7600
neimer@eimerstahl.com
phanebutt@eimerstahl.com
lmeyer@eimerstahl.com
srazzano@eimerstahl.com

21

Attorneys for CITGO Petroleum Corporation,
CITGO Refining and Chemicals Company,
L.P., and PDV Midwest Refining, L.L.C.


By:   /s/ John S. Guttmann
Daniel M. Krainin (pro hac vice)
Paula J. Schauwecker (pro hac vice)
BEVERIDGE & DIAMOND, P.C.
477 Madison Avenue, 15th Floor
New York, NY
(212) 702-5417
dkrainin@bdlaw.com
pschauwecker@bdlaw.com

John S. Guttmann (pro hac vice)
Nessa Horewitch Coppinger (pro hac vice)
BEVERIDGE & DIAMOND, P.C.
Suite 700
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6020
jguttmann@bdlaw.com
ncoppinger@bdlaw.com

Douglas J. Emanuel (#5176)
Robert D. Fine (#2447)
CHACE, RUTTENBERG & FREEDMAN,
LLP
One Park Row, Suite 300
Providence, RI 02093
(401) 453-6400
demanuel@crfllp.com
rfine@crfllp.com

Attorneys for Sunoco, Inc. (R&M)